Ex Parte Sim Collins.

No. 6318. Decided May 19, 1921.

Transcript—Practice On Appeal—Transcript Must be Bound and Under Seal.

The law requires the binding of the transcript under the seal and certificate of the clerk, and where this is not done, the appeal will be dismissed on motion by the State.

Appeal from Polk County. Tried below before the Honorable J. L. Manry.

Appeal from a writ of *mandamus*; appeal from refusing to release appellant and to issue writ of *mandamus*.

The opinion states the case.

No brief on file for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.—On question of transcript, which must be tied and sealed: Sweeney v. State, 5 Texas Crim. App., 41; Brown v. State, 3 id., 294.

MORROW, Presiding Judge.—This is an appeal from an order refusing to issue a mandamus against the court stenographer requiring him to prepare a statement of facts in an appeal from a *habeas corpus* case.

The record on the appeal in that case, No. 6332, was filed in this court on the same day that this proceeding was filed. A few days later there was filed in that case a statement of facts. From this we infer that the court stenographer complied with the request of appellant for the preparation of the statement of facts, and that even if he was entitled to a mandamus it would now be unnecessary.

This proceeding is not in a condition authorizing its consideration. The Assistant Attorney General has filed a motion to dismiss the appeal for the reason that the transcript is incomplete. The law requires the binding of the transcript under the seal and certificate of the clerk. Revised Statutes, Art. 2114; Paris & G. N. R. Co. v. Armstrong, 83 S. W. Rep., 28; Code of Crim. Procedure, Art. 929; Vernon's Tex. Crim. Statutes, Vol. 2, page 891, Note 11.

The motion to dismiss is granted.

*Dismissed.*