BOB ROBERTS v. THE STATE.

No. 6826.   Decided April 5, 1922.

**1.—Misdemeanor Theft—Evidence—Confessions—Arrest.**

Where it appeared from the record on appeal that from the time of finding appellant in the restaurant he was not permitted by the officers to go at large or to be out of their custody until he was lodged in jail, his statements as to the theft to said officers was inadmissible.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft, the defendant requested a special charge on curcumstantial evidence, which issue was raised by the evidence, the refusal of same was reversible error.

**3.—Same—Value—Rules Stated—Theft.**

Upon trial of misdemeanor theft, the prosecution should have proved some value of the property alleged to have been stolen.

**4.—Same—Charge of Court—Reasonable Doubt—Presumption of Innocence.**

Upon trial of theft the court should have submitted a charge upon the presumption of innocence and reasonable doubt.

Appeal from the County Court of Briscoe.   Tried below before the Honorable L. B. Richards.

Appeal from a conviction of misdemeanor theft; penalty, thirty days confinement in the county jail.

The opinion states the case.

*C. W. Norrid & J. E. Daniel,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Briscoe County of the offense of misdemeanor theft, and his punishment fixed at thirty days in the county jail.

John Burson lost some oats.   Said oats were trailed toward the town of Lockney in an adjoining county, and it was discovered that appellant had sold a load of oats to a grain elevator in Lockney on that day.   His wagon bed had oats in it.   The officers found the appellant in a restaurant.   The sheriff asked him a number of questions, which with their answers were objected to by the appellant upon the ground that he was then under arrest and unwarned.   The objection was overruled and the record contains the statements made by the appellant to said officers.   Same are incriminating.   It appear from the record that from the time of finding appellant in the restaurant he was not permitted by the officers to go at large or to be out of

91 Tex.—28

their custody until he was lodged in jail. Under all the authorities we are of opinion that the statements by appellant to said officers were inadmissible. There would seem no question of the fact that he was in legal custody and unwarned. Branch's Ann. P. C., pp. 35-36; see also Vernon's Ann. P. C., Art. 810 for collated authorities.

Various exceptions were reserved to the charge of the court, among others, that the court failed to charge on circumstantial evidence. A special charge submitting this issue to the jury was refused. This was clearly a case of circumstantial evidence. There is a statement in the record that appellant made a written confession after being duly warned, but no such confession appears in the record. If it had been introduced in evidence and if therein appellant had admitted taking said oats, then this would not have been a case of circumstantial evidence, and it would not have been necessary for the court to submit said issue. Upon the record before us the case is beyond doubt one calling for a charge on such evidence, and the court erred in not submitting the issue.

Appellant excepted to the charge and asked an instruction of not guilty because the State failed to prove the value of the alleged stolen oats. An examination of the record discloses a failure of the State to prove such value. While it may be well understood that a wagon-load of oats has a monetary value, the prosecution is not relieved from its duty to prove the fact of such value by some sufficient evidence.

Said charge was further excepted to upon the ground that it failed to state to the jury that the accused was presumed to be innocent until his guilt was established beyond a reasonable doubt. An inspection of the court's charge discloses that the court failed to give this well established and well understood principle of law. See art. 785 Vernon's C. C. P.

Upon another trial of this case criminating statements of the appellant made at a time when he was unwarned should not be permitted in evidence, and the matters of procedure above referred to can be and we trust will be remedied.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*