CHARLIE THOMASON v. THE STATE.

No. 13287.    Delivered April 23, 1930.
Reported in 27 S. W. (2d) 229.

The opinion states the case.

*Blanton, Blanton & Blanton* of Abilene, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is adultery; the punishment a fine of four hundred and twenty-five dollars.

The state's principal witness testified that appellant had lived with her for several weeks, during which time they occupied the same room and habitually had sexual intercourse. The state offered in evidence some correspondence between the parties which tended to show that their relations were intimate. Appellant offered witnesses who testified they lived in the same house in which the state's witness claimed she and appellant occupied a room together. These witnesses denied that appellant occupied a room with the state's principal witness, and testified that appellant's conduct toward said witness had not indicated that their relations were improper. Appellant was a married man. The witness referred to had secured a divorce from her husband.

Appellant contends that the testimony of the accomplice witness is not sufficiently corroborated. In view of the fact that the case must be reversed because of the errors hereinafter discussed, we pretermit a discussion of the question.

The charge was excepted to on the ground that it failed to state to the jury that appellant was presumed to be innocent until his guilt was established beyond a reasonable doubt. A requested instruction embodying a charge on presumption of innocence was submitted to the court. The exceptions to the charge were overruled, and the court declined to give the requested instruction. Error was committed. Dugan v. State, 216 S. W. 161; Roberts v. State, 239 S. W. 960; Art. 705, C. C. P.

Appellant laid the predicate for the impeachment of the state's principal witness by asking her if she had not made certain statements to one Slim Goolsby concerning her relations with appellant. She answered in the negative. Thereafter Goolsby was brought to the stand and the question propounded to him in the exact language of the predicate. The state objected on the ground that the question was leading and the court sustained the objection. It was

proper for the question to be asked in the exact language of the predicate and the court was in error in sustaining the state's objection. Kemper v. State, 138 S. W. 1025.

While the state's principal witness was testifying on cross-examination she stated that appellant had been in the penitentiary. This statement was not responsive to any question asked by appellant's counsel. Appellant requested the court to instruct the jury to disregard the statement, and the court declined to comply with the request. Appellant did not testify in his own behalf and his general reputation for being peaceable and law-abiding had not been placed in issue. The testimony was immaterial and irrelevant, and was obviously prejudicial.

The same witness was asked by the county attorney what the people in the community generally thought about appellant. She replied, over proper objection, that they all knew that appellant was a common bootlegger. Appellant requested the court to instruct the jury to disregard the answer of the witness. The court declined to comply with the request. In connection with the answer of the witness the county attorney stated, in the presence of the jury, that if appellant's counsel would let him, he would prove that appellant was a common bootlegger. The statements of the witness were inadmissible and prejudicial. Also the statement of the county attorney was improper.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.