ERNESTO DOMINGUEZ V. THE STATE.

No. 21419. Delivered February 5, 1941.

The opinion states the case.

*Carpenter & Boling,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is unlawfully carrying a pistol. The punishment assessed is a fine of $100.00.

The State's testimony shows that on the evening of April 24, 1940, a city policeman of the city of Lubbock observed the appellant and another Mexican sitting in an automobile. He went towards them, but before reaching their car, he saw appellant reach inside of his shirt, take out a pistol and lay it on the floor of the car between his feet. The officer then arrested the appellant and took him to jail. So far as the record shows, the officer did not know where the appellant had come from or how long he had been there, nor where he was going nor why he had the pistol.

Appellant testified in his own behalf that the pistol belonged to one Ramon who had pledged it to him for a loan of five dollars; that on the day in question he was notified by Ramon that if he would return the pistol he (Ramon) would pay him the five dollars plus fifty cents' interest; that on the evening in question appellant started with the pistol to Ramon's house, which was in a northwesterly direction from his own home; that a man in an automobile stopped him and invited him to

get into the car; that about the time they began talking the officer came towards the car. Upon seeing the officer, appellant took the pistol out of his shirt and put it on the floor of the car.

The appellant's wife corroborated him as to the loan of five dollars to Ramon and the pledge of the pistol as security; also the fact that appellant took the pistol on the evening in question and started to Ramon's home for the purpose of returning it.

There are a number of bills of exception in the record complaining of the admission of certain testimony, some of which might reflect reversible error if the bills could be considered, but having been filed too late we cannot consider them.

Appellant reserved two exceptions to the court's charge and requested special charges on the subject which the court declined to give and which he contends reflect reversible error. The first is that the court erred in his charge in limiting the appellant's affirmative defense by charging the jury that if they believed from the evidence that the defendant had loaned to Ramon five dollars and was holding the pistol as security and that at the time of his arrest he was in the act of taking the pistol to Ramon and was going the shortest and most direct route, then to acquit him. Appellant contends that the charge is too restrictive in that it required the jury to find that he was going the shortest and most direct route to the home of Ramon. The uncontradicted evidence shows that Ramon lived in a northwesterly direction from the home of the appellant and that he was going in such direction at the time he was arrested, but there is no evidence from any source that he might have gone a shorter and more direct route. We are of the opinion that appellant's contention is well founded. If the appellant was taking the pistol to the home of its owner for the purpose of returning it and collecting the debt for which it was pledged, then he was not violating any law. The fact that he was not going the shortest and most direct route would not make his otherwise lawful act an unlawful one. In support of what we have said here, we refer to the following cases: Waterhouse v. State, 62 Texas Cr. R. 551; Granger v. State, 98 S. W. 836, 50 Texas Cr. R. 488. See also 44 Tex. Jur. p. 473, sec. 31.

Appellant's next contention is that the court erred in declining to instruct the jury relative to the presumption of innocence which the law casts around one accused of crime. We are of the opinion that the learned trial court fell into error in declining to give such an instruction. The court is required by law to fully instruct the jury as to the law applicable to the case.

Obviously, under the facts above stated, appellant was entitled to have the jury told that every defendant in a criminal case is presumed to be innocent until his guilt is established by competent evidence beyond a reasonable doubt. See Art. 705, C. C. P.; also Thomason v. State, 27 S. W. (2d) 229; Roberts v. State, 239 S. W. 960.

For the errors herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.