## G. E. HARRIS v. THE STATE.

No. 23518. Delivered December 11, 1946.
Rehearing Granted January 29, 1947.

*Cunningham & Boling,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for unlawfully possessing whisky for the purpose of sale in a dry area; the punishment, a fine of $500.00 and sixty days' confinement in jail.

There accompanies this record what is denominated a statement of facts. Same does not appear to have been filed in the trial court. By the provisions of Art. 760, C. C. P., the statement of facts must be filed in the trial court within ninety days from the date notice of appeal is given.

We are not authorized to consider the purported statement of facts here presented.

In the absence of a statement of facts, we are unable to appraise the bills of exception.

No reversible error appearing, the judgment of the trial court court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

On a former day of this term, we affirmed the judgment of the trial court because there was no statement of facts accompanying the record. A few days after the opinion affirming the judgment was delivered, appellant filed, or caused to be filed, with the clerk of this court, a statement of facts which appears to have been left with the County Clerk of Terry County for filing within the time prescribed by law. Just why the clerk failed to forward the statement of facts to this court together with the transcript is not disclosed by the record. Such negligence on the part of the clerk is inexcusable.

Appellant has now filed a motion for a rehearing requesting this court to review the entire record, set aside the judgment of affirmance, and to reverse and remand the cause to the County Court of Terry County.

It appears from the record before us that the trial court in his charge failed to instruct the jury that every defendant in a criminal case is presumed to be innocent until his guilt is established beyond a reasonable doubt. The failure to give such an instruction has been held to constitute error. See Dominguez v. State, 147 S. W. (2d) 480; Thomason v. State, 115 Tex. Cr. R. 627, 27 S. W. (2d) 229; Roberts v. State, 91 Tex. Cr. R. 433, 239 S. W. 960. See also Art. 705, C. C. P.

In the instant case appellant requested such an instruction but the court declined to give the same. In this respect, the court erred under the authorities above mentioned.

There are some bills of exception accompanying the record which are not incorporated in the main transcript and which do not bear the file mark of the County Court of Terry County. These bills cannot be considered. The law requires the binding of the transcript under the seal and certificate of the clerk. See Ex parte Collins, 89 Tex. Cr. R. 354, 230 S. W. 1005.

For the error of the court in declining to give the special requested charge relative to the defendant's presumption of innocence, we are constrained to grant the appellant's motion for a rehearing, set aside the judgment of affirmance, and now reverse and remand this cause. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.