VIRGLE SHEFFIELD V. THE STATE.

No. 23617. Delivered March 12, 1947.

*William F. Jackson,* of Hempstead, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge:

Appellant was convicted of rape and given a sentence of five years in the penitentiary.

The evidence shows that appellant was a man 36 years old with a wife and several children. About the time alleged in the indictment, he was a school bus driver, and at such time the girl in question was a passenger on the bus each school day and assisted appellant in keeping his records. Evidently this girl, who was 15 years of age, and this appellant became enamored of each other; that on an early date in April, 1946, appellant had intercourse with her. This is shown not only by the girl's testimony, but also in a statement by appellant to the officers, as well as his testimony at the time of the trial. However, he fixed the date of such intercourse as of April 7, 1946. In his confession, he told the officers about this act with this girl, and in such confession he also told about his trousers being bloody when he had finished with her. This portion of the confession was denied by him while on the witness stand; otherwise he admitted the act and asked for a suspended sentence in the event of a conviction.

The transcript contains no bills of exception, but there does appear filed in the record what seems to be the original bills of exception in a package separate from the transcript, but there is no certificate of any kind of the clerk showing what they are, nor why they were brought up in such form. Some of the bills seem to be refused, some heavily deleted, and some qualified. Some of them were marked filed in the court below on the back of the bill, but no file mark on the qualification of the trial judge appears thereon. Therefore, it will be seen that the signature of the trial judge to such bills is not marked "filed" in the trial court. Because of the condition in which we find these

bills, they cannot be considered by us. See Harris v. State, 198 S. W. (2d) 1020; Collins v. State, 230 S. W. 1005; Ex parte Collins, 89 Tex. Cr. R. 354.

It is also shown in the record by a supplemental transcript that appellant was granted 90 days from and after the 6th day of November, 1946, in which to have prepared and filed the statement of facts herein, but the order is silent as to the bills of exception. As above shown, the bills of exception here presented have file marks on the back thereof showing same to have been filed by the district clerk on January 29, 1947. On the pages following the page with such file mark, we find the qualification and signature of the District Judge. Therefore, it seems therefrom that evidently appellant's attorney filed these bills without the signature or approval of the trial judge, who afterwards qualified some and refused some, and on another and different page, signed his name, and such bills were not then again filed.

We also find a narrative statement of facts present in the record, which was signed by the trial judge on February 1, 1947, but was not signed by appellant's attorney, who wrote under the approval of the District Judge the following:

"Written objections to the above and foregoing statement of facts was filed by defendant, and statement of facts in question and answer form was approved and filed with the clerk of the District Court, Waller County. Wm. F. Jackson, Atty. for Defendant."

It is evident from such above-quoted statement that appellant's attorney expects this court to take the full question and answer form of the testimony as a statement of facts. This we cannot do, nor are we permitted to do so under the law. See Art. 760, sec. 3, C. C. P.

Since we cannot consider the question and answer form of the statement of facts, we have, however, considered the narrative form of the statement of facts signed by and evidently prepared by the trial judge. There was no question made at the time of the trial but that the girl was 15 years of age and that this was her first act of intercourse. Appellant admitted such act, but claimed that same took place on April 7, 1946, rather than on March 15, 1946, as alleged in the indictment which was returned at the September Term, 1946, of the District Court of Waller County. We do not think that this difference in the allega-

tion and the proof to be of any significance, especially in view of the statute of limitation to rape being a term of one year.

We think the testimony is sufficient to uphold the charge in the indictment, and finding no error in the record, the judgment will be affirmed.