HORTON B. (BO) SESSUMS V. STATE.

No. 25218. March 21, 1951.

*E. A. Blair*, Lubbock, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The brief filed by the state's attorney clearly states the facts of the case, and the law involved, in the following language:

"This appeal comes from the County Court at Law of Lubbock County. Appellant was charged by information with the offense of unlawfully transporting whisky in a dry area. Further, the information alleges a prior conviction of an offense or offenses of like nature.

"The jury's verdict assessed the penalty at a fine of $1,000 and at confinement in jail for a period of six months. The verdict does not show whether or not appellant was convicted merely of the primary charge or also of repetition.

"Appellant has four formal bills of exception in the record. Bill No. 1 shows that the court failed to instruct the jury upon the appellant's presumption of innocence. The bill shows that the appellant pointed out this omission to the trial court and objected to the charge for the reason that it failed to charge on the law of the presumption of innocence, and that the appellant seasonably requested the trial court to give to the jury a written special requested instruction charging the jury on the presumption of innocence.

"The bill of exception was qualified by the trial judge, and the attention of Your Honors is respectfully invited to this qualification on the bill.

"Because of the matters recited in this bill it is the opinion of the State's Attorney that reversible error is shown and that the judgment of conviction will of necessity be reversed; therefore, it is not thought worth while to discuss the other bills of exception.

" 'The presumption of innocence is the most valuable of the defendant's rights, and it seems that a charge upon this subject is essential in every criminal case.' (Roberts v. State, 91

Tex. Cr. R. 433, 239 S.W. 960; Dugan v. State, 86 Tex. Cr. R. 130, 216 S.W. 161.)

"In Coffee v. State, 5 Tex. Ct. of App. 545, it was held that where the trial court failed to instruct the jury in its general charge that the accused is presumed to be innocent until his guilt is established by legal testimony, error was committed in refusing to give such charge when requested by the accused.

"Dominguez v. State, 141 Tex. Cr. R. 63, 147 S.W. 2d 480, was a misdemeanor case where the accused was prosecuted on the charge of unlawfully carrying a pistol. There it was held that refusing to instruct the jury relative to presumption of innocence was error.

"In Harris v. State, 150 Tex. Cr. R. 36, 198 S.W. 2d 1020, where the prosecution was for the unlawful possession of whisky for purpose of sale in a dry area, it was held to be reversible error to fail to give a requested instruction that every defendant in a criminal case is presumed to be innocent until his guilt is established beyond a reasonable doubt. This case seems to be very much in point.

"It is thought that the failure of the trial court to charge on the presumption of innocence is reversible error, and so thinking, it is not desired to burden the Court with a discussion of the other bills of exception."

The foregoing brief is adopted as the opinion of the court and the judgment of the trial court is reversed and the cause is remanded.