**Medford BENNETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38721.**

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Cox & Hurt by Joe L. Cox, Plainview, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is selling beer in a dry area; the punishment, a fine of $500.00.

■ The state does not seek an affirmance of this case because the trial court failed to charge the jury on the law relative to presumption of innocence and reasonable doubt. A proper objection and exception was taken to the court's ruling. For a discussion of the principle controlling the charge of the court on the presumption of innocence, see Johnson v. State, 27 Tex.App. 163, 11 S.W. 106; Gallaher v. State, 28 Tex.App. 247, 12 S.W. 1087; Johnson v. State, 29 Tex.App. 150, 15 S.W. 647; Hurley v. State, 30 Tex. App. 333, 17 S.W. 455. We held in Harris v. State, 150 Tex.Cr.R. 36, 198 S.W.2d 1020, that failure to give requested instruction that every defendant in a criminal case is presumed to be innocent until his guilt is established beyond a reasonable doubt was error. "The presumption of innocence is the most valuable of the defendant's rights, and it seems that a charge upon this subject is essential in every criminal case." Sessums v. State, 155 Tex.Cr.R. 563, 237 S.W.2d 629. Also see Walker v. State, 146 Tex.Cr.R. 321, 174 S.W.2d 974.

■ Upon another trial, a proper charge on the subject should be given.

For the errors herein pointed out, the judgment of the trial court is reversed and the cause remanded.