Vernon Joe MORROW, Appellant,

v.

The STATE of Texas, Appellee.

No. 45051.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

**812**

Scott Bradley and Bob Hillin, Dallas, (both on appeal only), for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

■ This is an out of time appeal [1] from a conviction for burglary. The punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., twelve years.

Appellant contends that the evidence is insufficient to support the conviction in that the operator of the business alleged to have been burglarized did not testify nor was she asked if appellant had her consent to enter the building or take her personal property.

Witness Sample testified she occupied and controlled the business known as Sample's Drive Inn, at 3212 South Oakland, in Dallas, on January 2, 1967, and that she closed the business and set the alarm system at about 9:30 on the night of said date. Officer Trammel, of the Dallas Police Department, testified that at 11:07 P. M. on said date, he and Officer Mays received a dispatch to go to 3212 South Oakland Avenue. Upon arrival, a large hole was found in the rear of the building with a piece of sheetrock positioned against the hole from inside the building. The officers entered the building through the hole into a restroom and from there proceeded to the main part of the building, where appellant was discovered. A scuffle ensued in which appellant attempted to take Offi-

1. When appellant's out of time appeal first reached this Court, it was dismissed since there was nothing before this Court upon which a review could be had of the trial court's determination that appellant was entitled to an out of time appeal. Morrow v. State, Tex.Cr.App., 481 S.W.2d 144. Thereafter a hearing on appellant's application for writ of habeas corpus was held in the trial court. A written stipulation such as that in Ex parte Slaton, Tex.Cr.App., 484 S.W.2d 102, was offered into evidence which recited that appellant was indigent at the time of conviction and sentencing in this cause; that this fact was known to the trial court; that appellant requested that an appeal be taken and his court-appointed counsel failed to pursue such appeal; that appellant did not waive his right to an appeal and that records essential to an appeal were available. The court concluded that appellant was entitled to an out of time appeal. We agree.

cer Trammel's pistol. Another man was discovered under a pool table. The officers found that the juke box had been broken into and noted fresh pry marks on the pool table. A large pry bar, two screw drivers and a bag containing seven quarters, seven dimes and one nickel were recovered. Witness Sample testified she locked the building on the night in question. She was asked, "Did you give this Defendant over here. . . . or anybody else permission to break in your house?" to which she answered, "No I didn't."

In Byrd v. State, Tex.Cr.App., 435 S.W. 2d 508, upon an appeal from a conviction for burglary with the intent to commit theft, it was contended that the evidence was insufficient to show an entry into the building with intent to steal. This Court held "that the act of breaking and entering a house at nighttime raises the presumption that the act was done with intent to steal." See also Hutchinson v. State, Tex.Cr.App., 481 S.W.2d 881; Powell v. State, Tex.Cr. App. 475 S.W.2d 934; Reed v. State, Tex. Cr.App., 456 S.W.2d 393.

■ We find the evidence sufficient to support the conviction.

■ Appellant's contention that the court erred in failing to charge on circumstantial evidence was decided adversely to him in Shelby v. State, Tex.Cr.App., 479 S.W.2d 31. There it was held that a charge on circumstantial evidence was not necessary in a burglary case where the accused and his companion were found inside the store at nighttime without the consent of the owner. See Leaderbrand v. State, Tex.Cr.App., 457 S.W.2d 557. Just as in *Shelby,* appellant and his companion were found inside Sample's Drive Inn at nighttime without the consent of the operator of the business.

■ Appellant contends that the court improperly applied the presumption of innocence in its charge.

The concluding paragraph of which appellant complains reads: "You will make no further finding in this case except to show in the blank form of verdict whether the defendant is guilty beyond a reasonable doubt, or not guilty, as you may find and determine from the law and the evidence in this case."

The court, in a preceding paragraph, had instructed the jury, "In all criminal cases the burden of proof is on the State. The defendant is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt, and in case you have reasonable doubt as to the defendant's guilt you will acquit him and say by your verdict 'not guilty.' " See Article 9, V.A. P.C., and Article 38.03, Vernon's Ann.C.C. P.

Appellant cites Bennett v. State, Tex. Cr.App., 396 S.W.2d 875 and Brown v. State, Tex.Cr.App., 396 S.W.2d 876. In both *Bennett* and *Brown,* the trial court had failed to charge the jury on the law relative to presumption of innocence, after a requested instruction had been sought.

In the instant case, the court correctly charged the jury on "presumption of innocence." The concluding paragraph of which appellant complains instructs the jury to make their determination of guilt or innocence "from the law and evidence in this case." It would appear that the complained of instruction was designed to insure the jury would not undertake to determine punishment in the guilt-innocence stage of the trial in the event they found appellant guilty.

Further, the record fails to reflect an objection to the complained of portion of the charge. See Articles 36.14 and 36.15, V.A.C.C.P.; Spencer v. State, Tex.Cr. App., 466 S.W.2d 749; Baity v. State, Tex.Cr.App., 455 S.W.2d 305; Burleson v. State, Tex.Cr.App., 449 S.W.2d 252.

No error is shown.

■ Appellant contends the court erred in admitting into evidence the copy of judgment and sentence relied upon by the State for enhancement. Appellant urges that the omission of the name of appellant in the jurat affixed to the judgment and sentence in Cause No. E–9107–IH, State of Texas v. Vernon Joe Morrow, relied upon by the State for enhancement, rendered the same inadmissible.

The jurat certified that the documents in question were true and correct copies of the judgment and sentence in Cause No. E–9107–IH (omitting appellant's name) as they appeared in a named book and page in the Minutes of the court. The appellant's name appeared in the copies of the judgment and sentence. While objection was made by appellant to the foregoing, copies of the same judgment and sentence were introduced without objection as part of appellant's "prison packet." The jurat certified to the correctness of the judgment and sentence in the numbered cause. Thus, the jurat identified the judgment and sentence and certified to their correctness.

■ Further, copies of the judgment and sentence, having been introduced without objection in appellant's prison packet, no error is preserved for review. Vera v. State, Tex.Cr.App., 473 S.W.2d 22; Ansley v. State, Tex.Cr.App., 468 S.W.2d 862; Walsh v. State, Tex.Cr.App., 468 S.W.2d 453; Brown v. State, Tex.Cr.App., 460 S.W.2d 925.

■ In appellant's next five contentions, he complains of the admission at the penalty stage of the trial of records which reflect arrests for investigation, charges and convictions in justice and corporation courts, juvenile delinquent adjudications, "book in" and "rap sheets" of the Dallas Police Department, and Department of Public Safety transcript or "rap sheet."

All of the complained of records or instruments were contained in State's Exhibit No. 4, appellant's prison packet. There is no indication that any of the complained of records were ever brought to the attention of the jury. The record does not reflect that the complained of matter was ever mentioned or alluded to. This being an enhancement case under Article 62, V.A.P.C., the jury, at the penalty stage, found the second paragraph of the indictment charging appellant with a prior conviction of like character to be true.

We perceive no reversible error.

■ Appellant contends he was denied effective assistance of counsel to which he was entitled by virtue of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Texas Constitution.

The State's proof of appellant's guilt was overwhelming. A lawyer cannot be expected to win a hopeless case; nor is he to be adjudged incompetent because he tries to do the impossible and fails. Curtis v. State, Tex.Cr.App., 500 S.W.2d 478 (1973). After a careful review of the record, we conclude appellant had adequate representation by his court-appointed attorney in the trial court.

We have considered grounds raised by appellant in his pro se brief and find them to be wholly without merit.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., concurs in the result.