Willie Lee JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 55041.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 27, 1978.

Larry M. Cunningham, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Fred C. McDaniel, Ron Poole and Samuel G. Longoria, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for the offense of unlawfully carrying a handgun. V.T.C.A., Penal Code, Sec. 46.02. Punishment was assessed at a $300.00 fine and six months in the county jail, probated.

The evidence at trial revealed that on June 9, 1976, the appellant was found in possession of a .22 caliber pistol. Officer Don Norman testified that on June 9, at 12:05 a. m., he and his partner, Officer Ron Hill, noticed the appellant's red and white pickup truck. The officer began following the truck and, after checking with the dispatcher, learned the vehicle matched the description and license plate number of a suspected vehicle used in a burglary. The appellant did not immediately stop when the officers flashed their red lights but stopped when they turned on their siren. After the officers stopped the vehicle, the appellant was ordered out of the truck. The officers frisked the appellant and found a .22 caliber pistol, commonly referred to as a Saturday night special. When asked why he was carrying the pistol, the appellant replied that he was in the process of moving. The appellant was later transported to the police station in another patrol unit. Officer Ron Hill corroborated this testimony.

The testimony of the two police officers was not contested by the defense. The appellant testified in his own behalf that he had been in possession of the gun when stopped by the police officers. The appellant stated that he was moving from an address on Polk Street to an apartment on Wheatland Road. At that time, Tommy Crawford had been staying with the appellant in the Polk Street apartment, and the appellant helped move Crawford's stereo to Crawford's house. When the appellant arrived at the house, he helped Crawford load the stereo in the trunk of Crawford's car. He noticed the pistol in the stereo and placed it in the waistband of his pants. He then left to get another load of furniture when he was stopped by the police on the suspected burglary. A later investigation revealed that there was no burglary, but a burglary had been reported of appellant's own apartment on Polk Street.

Betty Johnson, the appellant's wife, testified that the appellant had been moving furniture from Polk Street to her apartment on Wheatland Road. The appellant moved some bedroom furniture and left at 10:00 or 10:30 to get more furniture. She did not see him carrying a gun at that time.

Raymond Johnson, the appellant's brother, testified that on the evening of June 8, 1976, he helped the appellant load a stereo and some plants on the appellant's truck. At that time, Johnson noticed a .22 caliber pistol lying on the stereo. The appellant left at approximately 10:10. The Wheatland Road apartment was 2½ miles from the Polk Street address.

In his second ground of error, appellant contends that the jury verdict is contrary to the law and the evidence presented in that no evidence was presented to controvert the defense replied on by the appellant. The State established a prima facie case when it demonstrated the appellant was found carrying a handgun. The appellant then introduced evidence tending to show he was a "person traveling" and therefore his possession of a handgun was not unlawful. The appellant now contends, in essence, that once he established the defense, the State was then required to introduce evidence controverting such proof.

■ Initially, we must decide if the carrying of a handgun from an old residence to a new residence or from one home to another constitutes a defense to prosecution under V.T.C.A., Penal Code, Sec. 46.02.[1] V.T.C.A., Penal Code, Sec. 46.03 provides, in part:

"The provisions of Section 46.02 of this code do not apply to a person: . . . (3) traveling; . . ."[2]

This provision of our law is derived unchanged from prior law,[3] Article 484, V.A. P.C. (1871), which provided in part:

"The preceding article [prohibiting the unlawful carrying of a pistol] shall not apply to a person . . . traveling . . . ."

Under our prior law, Article 484, it was a defense to a prosecution for unlawfully carrying a pistol that a person was transporting a pistol from his temporary residence to his permanent residence, *Campbell v. State*, 28 Tex.App. 44, 11 S.W. 832, or that he was carrying a pistol from his place of business to his home. *Bowles v. State*, 66 Tex.Cr.R. 550, 147 S.W. 869; *Taylor v. State*, 89 Tex.Cr.R. 112, 229 S.W. 552. This defense applied as long as such person did not carry the pistol idly, or merely for the sake of carrying it, or habitually, or for some unlawful purpose. *Deuschle v. State*, 109 Tex.Cr.R. 355, 4 S.W.2d 559. Since this interpretation of Article 484 was not changed by the Legislature in enacting Sec. 46.03(3), we will presume that these cases are consonant with and applicable to Sec. 46.03(3). See *Roy v. State*, Tex.Cr.App., 552 S.W.2d 827. We therefore hold a person carrying a handgun from an old residence to a new residence will constitute a defense to prosecution under Sec. 46.02; but such person will not be entitled to carry such weapon idly, or for the sake of carrying it, or habitually, or for some unlawful purpose.

■ We now turn to the appellant's contention that once he established his defense of a "person traveling," the evidence was then insufficient to support the conviction because the State failed to introduce evidence controverting his defensive proof. The appellant relies on *Dominguez v. State*, 141 Tex.Cr.R. 67, 147 S.W.2d 480, a prosecution for unlawfully carrying a pistol. In *Dominguez*, the trial court declined to give special requested charges on the "person traveling" exception. This Court reversed, not because the State failed to controvert the defensive evidence, but because the charge which was given the jury was im-

---

1. V.T.C.A., Penal Code, Sec. 46.02(a) provides:
   "(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club."

2. V.T.C.A., Penal Code, Sec. 2.03(e) provides:
   "(e) A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense."

3. The Practice Commentary to V.T.C.A., Penal Code, Sec. 46.03(3) notes:
   "Subdivision (3) is derived directly from prior law without any clarification, and the traveler's exemption was one of the most enigmatic provisions of the prior weapons offense. The courts never defined 'traveling' but in each case considered distance, time, and mode of travel. . . ."

proper.[4] We believe appellant's reliance on *Dominguez* is misplaced.

■ The jury, or trial judge in a trial before the court, is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by State or defense witnesses. Having been properly charged in the instant case, the jury could properly disbelieve the appellant's defensive evidence. The State was not required to introduce affirmative controverting evidence to rebut the defensive theory. In *Porter v. State*, Tex.Cr. App., 388 S.W.2d 422, a trial before the court, this Court held:

"Whether this set of facts, if believed, would comprise an exception to the prohibition of Article 484, Vernon's Ann.P.C., is immaterial because the trial judge is not required to believe the defendant's testimony as to his reason for carrying the pistol, even if it is not controverted. [Citations omitted]"

We therefore hold the State was not required to rebut the defensive issue raised by introducing positive controverting evidence and we find the evidence sufficient to support the conviction. *Oliver v. State*, Tex. Cr.App., 455 S.W.2d 291; *Chatman v. State*, 513 S.W.2d 854. Appellant's contention is overruled.

In his Ground of Error 3, without citing authority for his argument, the appellant complains that the trial court failed to submit appellant's special requested charge on the description of a firearm. The appellant requested the trial court to charge the jury pursuant to V.T.C.A., Penal Code, Sec. 46.-01(3), which request was denied.

The appellant was charged in the information with unlawfully carrying a handgun. V.T.C.A., Penal Code, Sec. 46.02(a). In the charge, the trial court instructed the jury as to the definition of a handgun under V.T.C.A., Penal Code, Sec. 46.01(5). Appellant contends that since a handgun is defined as "any *firearm* that is designed, made, or adapted to be fired with one hand" (emphasis added), the trial court should have given an instruction as to the definition of a firearm under Sec. 46.01(3).

■ It is well established that a correct instruction of the law relating to the offense charged must be given to the jury. Article 36.14, V.A.C.C.P.[5] *Lindley v. State*, 8 Tex.App. 445; *Smith v. State*, Tex.Cr. App., 541 S.W.2d 831. In the instant case, the appellant was charged with carrying a handgun and a correct definition of such term was given. At no time during the trial did the appellant dispute the fact that the .22 caliber revolver found in his possession was a handgun or a firearm. Under such facts, the appellant could not have been prejudiced by the failure to give the requested charge. We find the trial court correctly charged the jury as to the law applicable to this case and did not err in failing to give a definition of a firearm.[6] *Lapp v. State*, Tex.Cr.App., 519 S.W.2d 443; *Brown v. State*, 135 Tex.Cr.R. 394, 120

---

4. It is well settled that once evidence is admitted supporting a defense, such issue shall be submitted to the jury and, when submitted, the trial court shall charge that a reasonable doubt on the issue requires the defendant be acquitted. V.T.C.A., Penal Code, Sec. 2.03(c) and (d). Failure to give a proper charge on a defensive issue under Sec. 46.03(3) when correctly raised and requested presents reversible error. *Garcia v. State*, Tex.Cr.App., 528 S.W.2d 604; *Dominguez v. State*, supra; *Davis v. State*, 135 Tex.Cr.R. 659, 122 S.W.2d 635. In the instant case, the trial court properly charged the jury as to the appellant's defense under Sec. 46.-03(3). Cf. *Brown v. State*, 97 Tex.Cr.R. 402, 261 S.W. 773.

5. Article 36.14, V.A.C.C.P., provides, in part:

". . . in each felony case and in each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth *the law applicable to the case*; . . ." (Emphasis added)

6. We note that our opinion finds support in Morrison and Blackwell, New Texas Penal Code Forms, Sec. 109.01, Page 553. In that suggested charge for unlawfully carrying a handgun, the charge does not provide a definition for a firearm. In a footnote to that form, the following appears:

"In defining terms only that portion of the statutory definition that is applicable to the case on trial should be set out in the charge."

S.W.2d 1057; cf. *Burleson v. State*, 131 Tex.Cr.R. 76, 96 S.W.2d 785. Appellant's contention is overruled.

Appellant next contends that the evidence is insufficient to sustain the conviction since the evidence failed to establish the weapon carried by appellant was a firearm. As we have previously noted, proof will be sufficient to sustain a conviction if it is shown the appellant unlawfully carried a *handgun*. Further, in a prosecution for unlawfully carrying a handgun, there need be no proof that the handgun was capable of being fired or possessed all the component parts of a handgun unless such issue was raised by the evidence. *Tolbert v. State*, 157 Tex.Cr.R. 101, 246 S.W.2d 896. In the instant case, the appellant never raised such issue. Officer Don Norman testified as follows:

"Q   Was the defendant carrying State's Exhibit 1 on or about his person?

A   He was carrying it on his person.

Q   Where was he carrying that, sir?

A   In the waistband on the left side, right here, sir.

Q   And is State's Exhibit 1 a handgun?

A   Yes, sir, it is. That is what I would call a Saturday night special."

We find the evidence adduced at trial sufficient to sustain the conviction. *Ruiz v. State*, Tex.Cr.App., 368 S.W.2d 609; *Sims v. State*, Tex.Cr.App., 546 S.W.2d 296. Appellant's contention is overruled.

The judgment is affirmed.