**Robert Wayne JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00929–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 1993.

---

Annette Hanna, College Station, for appellant.

Bill R. Turner, Stephen A. Gustitis, Bryan, for appellee.

Before O'CONNOR, WILSON and PRICE, JJ.

## OPINION

PRICE, Justice (Assigned).[1]

Appellant was convicted by a jury of murder and sentenced to 15–years imprisonment.

Appellant and Frederick Chambers, the victim, went out drinking together on November 9, 1991. They returned to appellant's home about 10:00 p.m., and appellant went to bed. Appellant awoke later and began to hit his 11–year–old son, Wayne, after the boy hit appellant with a ball. The deceased, who was the uncle of Wayne and the brother-in-law of appellant, intervened. During the struggle, appellant grabbed an ice pick from a kitchen drawer and stabbed the deceased in the head. Appellant testified that he was scared and was just trying to defend himself.

█ Appellant's first point of error asserts the trial court erred in overruling appellant's motion for an instructed verdict based on the State's failure to prove beyond a reasonable doubt that appellant had not acted in self-defense.

The standard for reviewing a challenge to a ruling on a motion for instructed verdict was addressed in *Madden v. State*, 799 S.W.2d 683 (Tex.Crim.App.1990).

A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. In reviewing the sufficiency of the evidence, we consider all the evidence, both State and defense, in the light most favorable to the verdict. If the evidence is sufficient to sustain the conviction, then the trial judge did not err in overruling appellant's motion.

*Id.* at 686 (footnote and citation omitted); *see also Wynn v. State*, 847 S.W.2d 357, 359 (Tex.App.—Houston [1st Dist.] 1993, pet. granted).

Section 9.32 of the Texas Penal Code (Vernon Supp.1993) provides the use of deadly force in self-defense is justified

only when three conditions are all present: (1) the defendant would have been justified in using force under § 9.31;[2] (2) a reasonable person in the defendant's situation would not have retreated; and (3) the use of deadly force was reasonably believed to be immediately necessary to protect the defendant against another's use or attempted use of unlawful deadly force, or to prevent the commission of specified violent crimes.

*Werner v. State*, 711 S.W.2d 639, 644 (Tex. Crim.App.1986); *Mullins v. State*, 767 S.W.2d 166, 168 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

At the close of the State's evidence, when appellant moved for an instructed verdict, appellant had not yet testified. The only evidence relating to self-defense came from the testimony of Wayne, the son of appellant. During cross-examination by defense counsel, Wayne answered yes when asked "Was your Uncle Fred going to kill your daddy that night?" Later, the defense attorney asked, "How do you know that your Uncle Fred wanted to kill your daddy?" Wayne answered, "I saw his mean face and stuff."

When appellant moved for an instructed verdict, there had been no testimony that *appellant* "was in some apprehension or

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. "[A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force."

fear of being the recipient of the unlawful use of force," *see Smith v. State,* 676 S.W.2d 584, 585 (Tex.Crim.App.1984), or that *appellant* reasonably believed the use of deadly force was imminently necessary, *see Werner,* 711 S.W.2d at 644. In fact, Wayne had testified that his uncle had no weapon in his hands and that he never said he wanted to kill appellant. At that point in the trial, appellant had failed to adequately raise the issue of self-defense.

Appellant's first point of error is overruled.

■ In his second point of error, appellant claims the trial court erred in admitting the hearsay testimony of Officer Maynard.

Officer Maynard testified before the jury about statements made by appellant's wife immediately after the murder. Appellant's wife later exercised, outside the presence of the jury, her privilege not to testify against her husband. Appellant asserts the hearsay testimony was improperly admitted because there was no evidence that the hearsay was made while perceiving the event or immediately thereafter and because it circumvented the spousal privilege.

Rule 803 of the Texas Rules of Criminal Evidence provides that excited utterances are not excluded by the hearsay rule and defines an "excited utterance" as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Officer Maynard testified that appellant's wife was still very upset when she spoke with him and that she remained upset and frantic throughout their conversation. He spoke with her immediately after the victim, who was her brother and who was still alive at that time, was taken away by paramedics. Therefore, contrary to the assertion by appellant, there was evidence that her statements were made immediately after perceiving the event and while she was still under the stress of excitement caused by the event. The statements were properly admitted as an exception to the hearsay rule.

■ Rule 504(2)(a) of the Texas Rules of Criminal Evidence provides the spouse of an accused with a privilege not to be called as a witness for the State. The testimonial privilege "does not prohibit evidence of out-of-court statements made by the witness-spouse." *Gibbons v. State,* 794 S.W.2d 887, 893 (Tex.App.—Tyler 1990, no pet.); *see also United States v. Archer,* 733 F.2d 354, 359 (5th Cir.), *cert. denied,* 469 U.S. 861, 105 S.Ct. 196, 83 L.Ed.2d 128 (1984) ("neither a defendant nor his spouse may exclude ... an out-of-court statement by the spouse when offered against the defendant by a writing or through a third-party witness").

Appellant's second point of error is overruled.

Appellant's third point of error appears to contain two separate complaints: 1) the trial court failed to make a finding of fact as required by Tex.Code Crim.P.Ann. article 38.22, section 6 (Vernon 1979); and 2) the trial court erred in refusing to allow appellant to cross-examine a witness regarding article 38.22.

■ Detective Carver testified that appellant had told him after the murder that a person named Tim Tennell had likely committed the murder. This statement was not admitted during the State's case in chief, but only as rebuttal to appellant's testimony during presentation of evidence by the defense.

Article 38.22, section 3(a)(1) of the Texas Code of Criminal Procedure (Vernon Supp. 1993) requires that, before a statement resulting from custodial interrogation will be admissible against an accused in a criminal proceeding, an electronic recording of the statement must have been made. However, Tex.Code Crim.P.Ann. article 38.22, section 5 (Vernon 1979) expressly provides that the statute will not preclude admission of a voluntary statement that bears on the credibility of the accused as a witness. When the voluntariness of the statement is raised, the trial court "must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." Tex.Code Crim.P.Ann. art. 38.22, § 6 (Vernon 1979).

Appellant did not make an objection regarding the voluntariness of the statement. Therefore, the court was not required to make any finding under section 6. *See Lindley v. State*, 635 S.W.2d 541, 544–45 (Tex.Crim.App.1982) (although hearing was held outside the presence of the jury on the admissibility of the statements, appellant never made a specific objection that the statements were inadmissible because they were involuntary nor did he present evidence on the issue; therefore, the court was not required to make findings of fact).

This portion of appellant's third point of error has no merit.

■■■ Appellant further complains that he was prevented from cross-examining Detective Carver about the tape-recording procedures of article 38.22. After Carver's rebuttal testimony, the following exchange occurred:

Q: [Ms. Hanna, defense counsel]: Detective Carver, you understand that the law required any oral statement that you take of anyone be tape recorded?

A: Yes, ma'am.

Q: And you tape recorded that statement, of course, didn't you?

A: The law doesn't require—

MR. GUSTITIS [the prosecutor]: Judge. Excuse me. I'm going to object—

MS. HANNA: I'm sorry.

MR. GUSTITIS: I'm going to object. That's not the law at this point in the trial, Judge. Under—

THE COURT: Counsel, at this point we are dealing only with the admissibility of evidence or not. Not interrogating witnesses about what the law is. So let's proceed without questions about the law unless it's relevant to some piece of evidence here.

Q: You did, of course, tape record the statements that were made?

A: No, ma'am. The statement was not tape recorded.

As the judge ruled, the requirements of article 38.22 were not relevant to the admissibility of the statement for impeachment purposes. The statement could be admitted without having been tape record-ed. In addition, appellant was able to impeach the officer by his admission that the law required him to record any oral statements and he had not recorded the alleged statement by appellant, which goes to the weight, not admissibility, of the evidence.

Appellant's third point of error is overruled.

■■■ Appellant's fourth point of error states the trial court's charge failed to comply with article 37.07, section 4 of the TEX. CODE CRIM.P. in charging the jury on the issue of parole.

Article 37.07 requires the court to charge the jury as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-fourth of the sentence imposed or 15 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX.CODE CRIM.P.ANN. art. 37.07, § 4(a) (Vernon Supp.1993). The charge on parole that was actually given to the jury by the trial court reads:

NO CONSIDERATION OF PAROLE

Under the law, the actual length of confinement in prison is exclusively within the jurisdiction of the Board of Pardons and Paroles, and is not a matter to be considered by a jury in assessing punishment. You are therefore instructed that you are not to discuss or consider, collectively or individually, the extent to which the defendant may possibly serve less time in prison than the term you select. To do so would amount to speculation and guesswork, which may be inaccurate in the case of a particular defendant, either because of his future conduct, or because of future developments within the Institutional Division of the Texas Department of Criminal Justice. Your proper function is to select the actual sentence you believe is appropriate, without adjusting it in an effort to make up for the possible effect of parole laws.

Appellant asserts the trial court erred by not quoting article 37.07, section 4 word for word to the jury. He argues that, because it did not directly quote article 37.07, section 4, the trial court failed to "distinctly" set forth the law as required in TEX.CODE CRIM.P.ANN. art. 36.14 (Vernon Supp.1993).

However, appellant failed to make the proper objection to preserve any error. At trial, appellant made the following objection:

My next objection is to no consideration of parole; that this is unusually long paragraph here and that I feel it gives undue emphasis to the issue of parole in the first place and amounts to a comment by the Court.

To be more specific in my objection, I would like the Court to consider, by comparison, the instruction that is given to the jury regarding not considering a defendant not testifying in a case. The last sentence specifically reads—or second to last sentence specifically reads that any jury doing so may be guilty of contempt of Court. We would ask that this same strong language that is—my client is entitled to protect his Fifth Amendment right, I think that same language should be in the no consideration of parole and would ask that we have more of an equal definition on these two instructions than what currently exists. And I specifically request that—that the last two sentences on page two from the paragraph entitled, "Defendant Not Testifying", I specifically request that those same last two sentences be made a part of the paragraph instructing the jury not to consider parole. Those two sentences being: "You must not refer to, mention, comment upon or discuss any consideration of parole in this case, and any juror doing so may be guilty of contempt of Court. If any juror starts to mention the consideration of parole in this case, it is the duty of the other jurors to stop him or her at once." That's what I would submit to the Court.

■ Article 36.14 requires appellant to "distinctly" specify each ground of his objection. The State correctly asserts that appellant failed to object to the court's omission and request submission of the appropriate instruction. During objections, the State even pointed out that it was entitled to an instruction under article 37.07, yet appellant failed to object to this omission and request submission of article 37.07, section 4, as an appropriate instruction. Any error committed by the court in not charging the jury pursuant to article 37.07, section 4, is waived if appellant fails to timely object and request submission of the instruction, unless the harm is egregious. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g); *Boozer v. State,* 848 S.W.2d 368, 369 (Tex.App.— Houston [1st Dist.] 1993, pet. ref'd).

An error which has been properly preserved by objection will call for reversal as long as the error is not harmless. On the other hand, if no proper objection was made at trial and the accused must claim that the error was "fundamental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm." In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

*Almanza,* 686 S.W.2d at 171.

Because appellant not only failed to timely object and request submission of the instruction during trial, but also failed to claim "fundamental error" in his brief, appellant's request for relief under his fourth point of error is denied.

Appellant's fifth point of error maintains the trial court erred in charging the jury on presumption of innocence.

■ Appellant asserts article 36.14, along with *Bennett v. State,* 396 S.W.2d 875 (Tex.Crim.App.1965), requires the trial court to "distinctly" set forth the law on presumption of innocence. Appellant interprets "distinctly" as requiring the judge to quote TEX.PENAL CODE ANN. § 2.01 (Vernon 1974) word for word regarding presumption of innocence and proof beyond a reasonable doubt in the jury charge.

Section 2.01 states:

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.

In its charge to the jury, the trial court included the following:

### PRESUMPTION OF INNOCENCE

All persons are presumed to be innocent. The fact that a defendant has been arrested, confined, indicted, or otherwise charged with an offense gives rise to no inference of guilt at trial.

### BURDEN OF PROOF

The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will say by your verdict "Not Guilty."

The court's charge regarding presumption of innocence left out "no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." However, the court included this sentence in the adjacent paragraph regarding burden of proof.

Appellant asserts that the placement of the sentence at issue changes the emphasis intended by section 2.01, depriving him of a fair, impartial, and just verdict. However, the Court of Criminal Appeals has held that, when reviewing alleged errors in the jury charge, "the charge must be read as a

whole, and the review thereof must not be limited to any part standing alone." *Inman v. State*, 650 S.W.2d 417, 419 (Tex. Crim.App.1983). Because the charge is to be reviewed as a whole and the sentence at issue does appear in the adjacent paragraph, the trial court did not err.

Appellant's fifth point of error is overruled.

The judgment is affirmed.