NO. 07-02-0165-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 29, 2002



______________________________




JON-CLAUDE SMITH AND ALL OCCUPANTS, APPELLANTS



V.



JONES CROSSING APARTMENTS, APPELLEE




_________________________________



FROM THE COUNTY CIVIL COURT AT LAW NO. 1 OF HARRIS COUNTY;



NO. 766,365; HONORABLE R. JACK CAGLE, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Proceeding pro se, appellant Jon-Claude Smith challenges the trial court's order
awarding Jones Crossing Apartments immediate possession of leased premises. At the
time his notice of appeal was filed Smith also filed an affidavit of indigence. The Harris
County Clerk filed a contest to Smith's affidavit which the trial court sustained. By letter
dated April 10, 2002, this Court directed Smith to pay the required filing fee of $125 by
April 22, 2002, noting that failure to do so might result in dismissal. Unless a party is
excused from paying a filing fee, the Clerk of this Court is required to collect filing fees set
by statute or the Supreme Court when an item is presented for filing. See Tex. R. App. P.
5 and 12.1(b). Although the filing of a notice of appeal invokes this Court's jurisdiction, if
a party fails to follow the prescribed rules of appellate procedure, the appeal may be
dismissed. Tex. R. App. P. 25.1(b). Thus, because the filing fee of $125 remains unpaid,
we must dismiss the appeal.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure and with a notice from the Clerk requiring payment of the filing fee
by April 22, 2002. Tex. R. App. P. 42.3(c).


 Don H. Reavis

 Justice



Do not publish.



o assist him in arresting appellant. As appellant was driving across a parking lot followed
by Sansing, the responding officers pulled in front of appellant's car and forced him to
stop, after which he was taken into custody.

 By his first and second issues, appellant contends the evidence was legally and
factually insufficient to support the jury's verdict that he intentionally and knowingly
escaped from the officer's custody. We disagree and will consider the issues
simultaneously. When both the legal and factual sufficiency of the evidence are
challenged, we must first determine whether the evidence is legally sufficient to support
the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental
rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a
reasonable doubt that the defendant committed each element of the alleged offense. U.S.
Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen.
Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must
determine whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991),
overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). 
As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's
verdict unless it is irrational or unsupported by more than a mere modicum of evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the jury's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for that
of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove.
According to section 38.01(2) of the Texas Penal Code Annotated (Vernon 2003), escape
is defined as the "unauthorized departure from custody." As material here, section
38.06(a) provides that a person commits the offense of escape if he escapes from custody
when he is under arrest for, charged with, or convicted of an offense. Also, prior custody
is an essential element of the offense of escape. Lawhorn v. State, 898 S.W.2d 886, 890
(Tex.Cr.App. 1995) (en banc). For these purposes, "custody" means "under arrest by a
peace officer or under restraint by a public servant pursuant to an order of a court of this
state or another state of the United States." Tex. Pen. Code Ann. § 38.01(1)(A) (Vernon
2003).

 Focusing on the custody element of the offense, appellant asserts the evidence is
insufficient to establish that Sansing had full custody of him. We disagree. As material
here, the court's charge provided in relevant part:

 The term "custody means" detained or under arrest by a peace officer
or under restraint by a public servant pursuant to an order of a court of this
state or another state [of] the United States.

* * *


 A "public servant" means an officer, employee, or agent of
government. A City of Lubbock police officer is a public servant.

 An arrest is complete when a person's liberty of movement is
successfully restricted or restrained, whether this is achieved by an officer's
physical force or the suspect's submission to the officer's authority. An
arrest is complete if a reasonable person in the suspect's position would
have understood the situation to constitute a restraint of freedom of
movement of the degree which the law associates with formal arrest.


Appellant does not allege any charge error. 

 Officer Sansing testified that after he removed appellant from the car he was driving,
he placed him on the ground and notwithstanding his resistance, he managed to place
handcuffs on him. He testified that with the assistance of another officer, appellant was
brought to his feet. At that time, appellant asked why he was under arrest and Sansing
responded it was for a parole violation. The officers grabbed appellant's arms and as they
were escorting him to the patrol car, he broke free and ran away. Viewing the evidence
under Jackson, we conclude it was legally sufficient to support the jury's verdict. 

 Concluding the evidence is legally sufficient to support the verdict, we must now
determine, after a neutral review of all the evidence, whether it is factually sufficient to
support the verdict. Johnson, 23 S.W.3d at 11. It is the exclusive province of the fact
finder to determine the credibility of the witnesses and the weight to be given their
testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v.
State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

 In addition to Sansing's testimony discussed above, two other officers presented
similar testimony. Moreover, evidence of appellant's escape was demonstrated by a video
tape made by a camera installed in one of the patrol cars. The video first depicts a
handcuffed female sitting on the ground near a patrol car and being watched by an officer. 
Then, it shows appellant, with his hands restrained by handcuffs and his arms secured by
grips, being escorted by two officers. Then, with a sudden burst of speed and force,
appellant broke free and a chase followed. Ultimately, appellant was recaptured and
returned to custody. After reviewing all the record evidence under Johnson, 23 S.W.3d
at 11, and without substituting our own judgment, we conclude the evidence is factually
sufficient to support the verdict. Issues one and two are overruled.

 By his third issue, appellant contends his sentence is illegal because the State used
a prior felony conviction to prove an essential element of third degree felony escape and
also as an enhancement. With commendable professional candor, the State concedes
appellant's sentence is illegal because section 12.42(a) of the Texas Penal Code bars it
from using a prior conviction to enhance an offense if it has already been used to prove
an essential element of the charged offense. Appellant's third issue is sustained.

 Accordingly, the judgment of conviction is affirmed; however, the punishment portion
of the judgment is reversed and the cause is remanded to the trial court for a new
punishment hearing to utilize the appropriate third degree range of punishment.

 Don H. Reavis

 Justice


Do not publish.