NO. 07-00-0413-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 30, 2001

______________________________

JACKIE JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 154
TH
 DISTRICT COURT OF LAMB COUNTY;

NO. 3305; HONORABLE FELIX KLEIN, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ

Pursuant to a plea of not guilty, appellant Jackie Johnson was convicted of retaliation, enhanced by two prior felony convictions, and was sentenced by a jury to 28 years confinement.  By a sole issue, appellant challenges the legal and factual sufficiency of the evidence to support his conviction.  Based on the rationale expressed herein, we affirm.

Although appellant’s statement of facts in his brief consists of only procedural history,
(footnote: 1) we will consider appellant’s contentions in the interest of justice and develop the relevant facts from our review of the record.  On May 3, 1999, appellant and Steve Rigsbee, the victim of the retaliation, were questioned separately about their involvement in a burglary.  Rigsbee was cooperative with investigating officer, Gary Maddox, but appellant’s only response was a threat against Rigsbee.  Later that evening, before appellant was arrested on the burglary charge, he saw Rigsbee at a convenience store and appellant knew Rigsbee had spoken with the officer about the burglary and wanted to know what he had told the officer.  Rigsbee told appellant he had nothing to worry about and appellant did not attempt to take any aggressive action.  Later, appellant made several statements to the effect that he would hold Rigsbee responsible for any charges he might incur as a result of Rigsbee’s cooperation with the police. 

On May 4, 1999, appellant was arrested for burglary of a habitation and placed in the Lamb County Jail.  Because appellant was being held in a cell near the booking-desk, he was able to see Rigsbee when he was brought in to be booked for the same charge of burglary.  When the jailer unlocked the cell so that the trustee could collect the dinner plates, appellant pushed the cell door open, rushed through several guards, and began to beat Rigsbee in the face.  Appellant did not stop his attack on Rigsbee until a guard sprayed appellant with pepper spray two times.  In his argument, appellant does not contend that he did not assault Rigsbee, but instead contends that the assault was not in retaliation against Rigsbee, a prospective witness.  

Appellant was convicted of retaliation, enhanced by two prior felonies, and was convicted to 28 years confinement.  By his sole issue, appellant contends the evidence is legally and factually insufficient to support his conviction.  We disagree.  When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), 
overruled on other grounds
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

     After conducting a legal sufficiency review under 
Jackson
, we may proceed with a factual sufficiency review.
  In conducting a factual sufficiency review, t
he Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Accordingly, we will reverse the fact finder’s determination only if a manifest injustice has occurred.  
Johnson
, 23 S.W.3d at 12.  In conducting this analysis, we may disagree with the jury’s determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  
See
 Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).  Moreover, the fact finder is the judge of the credibility of the witnesses and the weight to be given their testimony and may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit.  Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App. --Amarillo 1997, pet. ref'd).   

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove.  Section 36.06 of the Texas Penal Code defines retaliation as:

(a) A person commits this offense if he intentionally or knowingly harms or threatens to harm another by unlawful act:

(1) in retaliation for or on account of the service or status of another as a:

(A) public servant, witness, prospective witness, or informant; or

(B) person who has reported or who the actor knows intends to report the occurrence of a crime.

Although  appellant concedes that he assaulted Rigsbee, he contends that he did not act “in retaliation for or on account of the service or status of another as a ‘prospective witness’.”  
Id.  
The State had to prove that appellant acted in “retaliation” and that Rigsbee was a “prospective witness,” however, on appeal, appellant does not contend that Rigsbee was not a prospective witness.

Retaliation is defined as the return of evil for evil; retribution; revenge.  Webb v. State, 991 S.W.2d 408, 414 (Tex.App.--Houston [1
st
 Dist.] 1999, pet. ref’d).  Here, the record shows appellant told the investigating officer, “if he got in trouble for the burglary because of that white boy (referring to Rigsbee) and they were in the same cell together or in the same facility and he had an opportunity that he would kill him.”  Additionally, after appellant was incarcerated for the burglary, he told the jail administrator he would “whip Steve Rigsbee.”  When appellant finally did see Rigsbee after he had been arrested for the burglary charge, he said, “there that S.O.B. is” and “you’re the reason I’m in here.”  The fact that appellant had an opportunity to take action against Rigsbee the night before the charges were filed, but instead waited until after he had been arrested, is not in accordance with appellant’s theory that he was acting in anger and not retaliation.  If appellant was angry, he could have assaulted Rigsbee before the charges were filed against him and not as a result of being jailed.  Reviewing the evidence in the light most favorable to the prosecution, we conclude that the trier of fact could have found that appellant was acting in retaliation beyond a reasonable doubt.  Having concluded that the evidence is legally sufficient, we must next determine if the evidence was factually sufficient.

We initially note that the trier of fact is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve any part of a witness’s testimony.  Williams v. State, 692 S.W.2d 671, 676 (Tex.Cr.App. 1984).  The jury had the opportunity to hear testimony from several employees at the jail as well as the testimony of Rigsbee.  The jury had the opportunity to weigh the testimony of each witness and believe or disbelieve what they chose, and we will not substitute our judgment for that of the jury.  
See Santellan
, 939 S.W.2d at 164.  The statements made by appellant and the assault on Rigsbee are also indicative of retaliation and do not show that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination.  
Johnson
, 23 S.W.3d at 11.  We therefore conclude that the evidence is factually sufficient to support appellant’s conviction of retaliation.  Appellant’s sole point of error is overruled.

Accordingly the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Texas Rule of Appellate Procedure 38.1(f) states that an appellate brief 
must
 state concisely . . . the facts pertinent to the issues or points presented.  (Emphasis added).