TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00199-CR







Pamela Karen Baize, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 45,628, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







PER CURIAM


 Appellant fatally shot Lewis Dean Young in his Temple residence on May 15,
1995. At a bench trial, appellant pleaded guilty to murder and raised the issue of sudden passion. 
Tex. Penal Code Ann. § 19.02(d) (West 1994). After hearing evidence, the district court found
appellant guilty of a first degree felony and assessed punishment at imprisonment for twenty-five
years. In two points of error, appellant contends the district court's conclusion that she did not
kill Young under the immediate influence of sudden passion arising from an adequate cause is not
supported by the evidence.

 Appellant was the only witness to the shooting and the events leading up to it. 
Appellant was thirty years old at the time of the offense. Young was fifty-seven. They had been
friends for some time, and appellant considered Young a "father figure." Two days before the
shooting, appellant went to Young's house, which was two blocks from her own residence, to
borrow pills for her back pain. (1) Young gave her six "little blue pills" and invited her to stay and
watch television. Appellant took all six pills, washing them down with bourbon and Coke. The
combination of pills and alcohol apparently caused appellant to pass out, as the next thing she
remembered was waking up on Young's couch. Young was gone, and a bottle of whiskey and
a $20 bill were on the coffee table. When appellant stood up, semen ran down her leg. She
noticed bruises on her arms and body.

 Appellant obviously thought that she had been sexually assaulted by Young,
although she testified that she did not want to believe it. Appellant watched Young's house during
the next two days, waiting for his return. When she saw that Young was at home on the night of
the 15th, she returned to her residence, got a loaded shotgun, and drove to Young's house in a
borrowed pickup truck. Appellant testified that she armed herself because Young "had a gun and
I wanted the truth." Appellant described what happened after she entered Young's house:



A. He saw I had a gun and he asked me what I was doing. I wasn't more than
a foot in his front door.


. . .


A. I said, "I came to ask you if you had your way with me. I want the truth."


. . .


A. He said, "Yes, I did and I enjoyed every [expletive] minute of it."


Q. And when he said that what, what did you feel, what did you think?


A. I just pulled the trigger.


Q. What was in your mind?


A. I felt raped and I felt dirty and I felt very, very angry.


Q. What at that point was making you angry?


A. Because he raped me.


Q. And how did you feel about what he had said to you?


A. He didn't care that he had raped me.



Appellant returned to her home and told the persons living with her what she had done. She then
went to a motel. One of her friends called the police and reported the shooting. Appellant was
arrested at the motel.

 Appellant has previous convictions for driving while intoxicated, resisting arrest,
and aggravated assault. In the latter case, appellant believed that her former husband was going
to send their children to relatives in Germany. To prevent this, she confronted him with a .38
caliber pistol: "He was fixing to flee with them is when I went with my gun to get them back and
did so."

 Dr. James P. Grigson, a psychiatrist, testified for the defense. Grigson was of the
opinion that appellant was "extremely overwhelmingly angry" when she shot Young. Grigson
traced this anger back to appellant's childhood, when she and her sisters were sexually assaulted
by her father. Echoing appellant's own testimony, Grigson said, "She wanted to go over and
confront him and get him to deny it . . . or get him to say yeah, I did do it, but I'm sorry . . . . 
But with the response that he gave her it was like oh, all of a sudden she saw red, just flashed
over her and so she shot him." Grigson acknowledged that his understanding of the relevant facts
was based solely on appellant's statements to him.

 Temple police officer Paul Posival testified that appellant initially denied shooting
Young following her arrest. She also denied being raped by Young. According to the officer,
appellant said she got the bruises on her arms during an argument with a friend. Another officer
testified that appellant was intoxicated and belligerent when she was arrested, and had slashed her
wrists.

 Appellant argues that the only evidence before the district court was that she was
acting under the immediate influence of sudden passion when the shot Young. "The only evidence
is that she went to the deceased to confront him about raping her a day or two previously. The
purpose of taking the shotgun was to endeavor to assure that the deceased told her the truth . . .
." Young's response to appellant's inquiry "so enraged appellant that she fired the fatal shot." 
Appellant asserts that because there is no evidence to contradict her account, the district court had
no evidence on which to base its decision that she did not act out of sudden passion. In effect,
appellant argues that she proved sudden passion arising from an adequate cause as a matter of law. 
See W. Wendell Hall, Revisiting Standards of Review in Civil Appeals, 24 St. Mary's L.J. 1045,
1135-36 (1993). Alternatively, appellant argues that the court's conclusion that she did not act
under the influence of sudden passion was so against the great weight and preponderance of the
evidence as to be manifestly unjust. Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App.
1990); see Hall, supra, at 1138-39. 

 Appellant's description of the shooting was of necessity uncontradicted because no
one else except the victim was present when it occurred. As trier of fact, however, the district
court was the judge of the weight and credibility of the witnesses and was free to reject any part
or all of the defensive testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App.
1978). The State was not required to introduce affirmative controverting evidence to rebut the
defensive theory. Id. Moreover, appellant's testimony was not unimpeached. Appellant
acknowledged that she did not report Young's alleged sexual assault to the police. The court
could also doubt the credibility of appellant's testimony in light of her record of convictions and
her inconsistent statements to the police.

 It was the responsibility of the district court, as trier of fact, to decide whether
Young's remark to appellant before she shot him was one that would commonly produce a degree
of anger or rage in a person of ordinary temper sufficient to render the mind incapable of cool
reflection. See Sec. 19.02(a)(1) (defining "adequate cause"). Appellant and Grigson testified that
she would not have shot Young if he had denied sexually assaulting her, or even if he had
admitted the assault but expressed regret. The district court could rationally conclude that a mind
capable of distinguishing between a remorseful and unremorseful admission of guilt was one that
was capable of cool reflection, and hence one not under the influence of sudden passion. A
rational trier of fact also could believe that appellant's decision to confront Young with a loaded
shotgun implied a predisposition to violence and undermined her claim of sudden passion. This
is particularly true in light of appellant's previous violent confrontations, including an armed
assault against her former husband during a child custody dispute.

 We hold that appellant did not prove, as a matter of law, that she shot Young under
the immediate influence of sudden passion arising from an adequate cause. Moreover, the district
court's decision that appellant did not meet her burden of proof on the sudden passion issue was
not against the great weight and preponderance of the evidence. Points of error one and two are
overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: August 28, 1996

Do Not Publish

1.   Appellant testified that she broke a vertebra in an "accident" involving her former
fiance. "He was asking me to leave his home and I told him okay and when I went, I was
pushing him out of my way, and that's when he picked me up and flipped me."

 Temple police officer Paul Posival testified that appellant initially denied shooting
Young following her arrest. She also denied being raped by Young. According to the officer,
appellant said she got the bruises on her arms during an argument with a friend. Another officer
testified that appellant was intoxicated and belligerent when she was arrested, and had slashed her
wrists.

 Appellant argues that the only evidence before the district court was that she was
acting under the immediate influence of sudden passion when the shot Young. "The only evidence
is that she went to the deceased to confront him about raping her a day or two previously. The
purpose of taking the shotgun was to endeavor to assure that the deceased told her the truth . . .
." Young's response to appellant's inquiry "so enraged appellant that she fired the fatal shot." 
Appellant asserts that because there is no evidence to contradict her account, the district court had
no evidence on which to base its decision that she did not act out of sudden passion. In effect,
appellant argues that she proved sudden passion arising from an adequate cause as a matter of law. 
See W. Wendell Hall, Revisiting Standards of Review in Civil Appeals, 24 St. Mary's L.J. 1045,
1135-36 (1993). Alternatively, appellant argues that the court's conclusion that she did not act
under the influence of sudden passion was so against the great weight and preponderance of the
evidence as to be manifestly unjust. Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App.
1990); see Hall, supra, at 1138-39. 

 Appellant's description of the shooting was of necessity uncontradicted because no
one else except the victim was present when it occurred. As trier of fact, however, the district
court was the judge of the weight and credibility of the witnesses and was free to reject any part
or all of the defensive testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App.
1978). The State was not required to introduce affirmative controverting evidence to rebut the
defensive theory. Id. Moreover, appellant's testimony was not unimpeached. Appellant
acknowledged that she did not report Young's alleged sexual assault to the police. The court
could also doubt the credibility of appellant's testimony in light of her record of convictions and
her inconsistent statements to the police.

 It was the responsibility of the district court, as trier of fact, to decide whether
Young's remark to appellant before she shot him was one that would commonly produce a degree
of anger or rage in a person of ordinary temper sufficient to rende