NO. 07-00-0541-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2001

_____

MARIO RODRIGUEZ CASTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 2366; HONORABLE GORDON H. GREEN, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, appellant Mario Rodriguez Castillo was convicted by a jury and sentenced to four years confinement and fined $2,000 for indecency with a child younger than 17 and not his spouse. On appeal he challenges the legal and factual sufficiency of the evidence to support the verdict. Based upon the rationale expressed herein, we affirm.

On July 7, 2000, complainant, a five-year-old girl, told her parents that her private parts were hurting. Because they thought that the child had simply developed a rash from damp underwear, complainant was instructed to change her underwear. When the child still complained after changing, complainant's father, Eloy Alemon, instructed Norma Alemon, the mother, to check on the child. Upon further investigation, Norma noticed that the child's perineal area was red, irritated, and swollen. She then asked Eloy to come and look because she thought something was wrong. Because Eloy did not feel comfortable examining his daughter, he decided to take the child to the hospital. Before leaving the house to go the hospital, complainant told Eloy that appellant had touched her.

Doctor Filipe Jubay testified that when he examined complainant, she complained about pain in the genital area. Complainant communicated in Spanish and her father translated for her. The medical examination revealed no tearing or serious injury and no treatment was prescribed. The only symptom discovered by the hospital was some irritation, but no swelling. The examining doctor testified that if there was sexual contact, it could not have been hard or rough. The child was not examined by a local specialist, but was taken to the Bridge[1] the next morning where the child indicated she had been touched by appellant in the genital area by circling that area in magic marker on a sketch made by the counselor. Complainant mentioned she was touched at Lowe's, in the pickup truck, and in the kitchen of her godmother's house with her godmother present. However,

---

[1]Organization that helps children who are victims of sexual or physical abuse.

on cross-examination, the child stated that she had only been touched one time, which was at Lowe's. She also stated that appellant never closed his hand and only touched her on the outside of her clothes.

By his handwritten statement, which was written entirely in Spanish, appellant acknowledged:

> When we got off the truck, she caught up with me and she grabbed my hand. I hugged her, and we was walking to the door of the store. If I did anything wrong, I would like to be forgiven. It was not my intention. And I assure that it will not ever happen. And if you think that I need some help, I'm ready. I did wrong, but it was not intentionally. I did wrong in touching her, but it was not my intention. It will not ever happen again. And that's all.

Appellant's attorney announced to the court that he did not object to his client's "confession or written statement," but was questioning the State's interpretation of the statement. Pursuant to the objection, the officer read the statement in Spanish verbatim, which was translated by the interpreter for the record.[2]

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of

---

[2]Although his counsel questioned the accuracy of the translation of his statement at trial, appellant does not present any points of error regarding the competency of the interpreter. Moreover, the accuracy of the translation is a question of fact not to be reviewed by an appellate court. Garcia v. State, 887 S.W.2d 862, 875 (Tex.Cr.App. 1994).

criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. In conducting a factual sufficiency review, the Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will

4

reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997). Moreover, the fact finder is the judge of the credibility of the witnesses and the weight to be given their testimony and may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App. --Amarillo 1997, pet. ref'd).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. Section 21.11 of the Texas Penal Code Annotated (Vernon Supp. 2001) defines indecency with a child as:

> (a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
>> (1) engages in sexual contact with the child.

Testimony established that complainant was five years old and not appellant's spouse. The only disputed question of fact was whether appellant engaged in sexual contact with the child. "Sexual contact" is defined as any touching of the anus, breast, or

any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. Tex. Pen. Code Ann. § 21.01(2). Intent to arouse or gratify the sexual desire of any person can be inferred from the act itself and need not be orally expressed. Couchman v. State, 3 S.W.3d 155, 163 (Tex.App.–Fort Worth 1999, pet. ref'd). The jury heard testimony from complainant that appellant touched her and her privates hurt. It was reasonable for the jury to conclude that if appellant had unintentionally touched complainant's genitals, she would not have been red and irritated. *See Couchman*, 3 S.W.3d at 163. From this conclusion, veiwed in a light most favorable to the prosecution, the jury could infer that appellant's touching was with intent to arouse or gratify. *Id.* at 164. Finally, taking conflicting testimony from personnel at the Bridge, appellant, and complainant in a light most favorable to the prosecution, the evidence established that appellant touched complainant on at least one occasion. Complainant testified that appellant grabbed her privates at Lowe's and then reiterated that fact at the Bridge when she circled the genital area on a sketch when asked where she was touched. Appellant testified that he only embraced the complainant and that he did no wrong, but admitted in his statement that he did wrong in touching her. Taken in a light most favorable to the prosecution, a rational juror could have found appellant touched complainant with an intent to arouse or gratify sexual desire beyond a reasonable doubt.

Concluding that the evidence was legally sufficient, we must now determine whether the evidence is factually sufficient after a neutral review of the evidence. *Johnson v. State,*

6

23 S.W.3d at 11. The State's evidence established that when appellant took complainant to Lowe's he touched her. Appellant denied intentionally touching complainant in his statement, yet he admitted that he did wrong in touching her. He also stated that "if you think I need some help, I'm ready." However, at trial appellant claimed that his statement was coerced by the officer taking his statement and that he did not know how to defend himself. The officer denied these allegations and the jury could have concluded that these statements would only have been made if appellant touched complainant. Although medical testimony established that the redness in complainant's genital area could have been caused by many things and not necessarily touching, the jury, as sole judge of the credibility of the witnesses' testimony and the weight to be given their testimony, could have determined that the redness was caused by appellant touching complainant. After a neutral review of all the evidence under *Johnson*, 23 S.W.3d at 11, and without substituting our judgment for that of the jury, we conclude that the contrary inferences to appellant's written statement and testimony are not so overwhelming as to require us to determine that a manifest injustice has occurred requiring reversal. Appellant's contention that the evidence is legally and factually insufficient to support the verdict is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.

7