NO. 07-02-0005-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 17, 2002

_____


ROY PERKINS III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE COUNTY COURT AT LAW NO. 2 LUBBOCK COUNTY;

NO. 2001-474903; HONORABLE DRUE FARMER, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon a plea of not guilty, a jury convicted appellant Roy Perkins III of criminal trespass and the trial court assessed punishment at 180 days confinement, probated for two years. By two issues, appellant asserts 1) the evidence was insufficient to prove his continued presence on the premises occurred without the effective consent of the named complainant; and (2) the evidence was insufficient to sustain the conviction because

appellant did not receive adequate notice to leave the premises. Based upon the rationale expressed herein, we affirm.

On May 21, 2001, between 3:30 and 4:00 a.m., appellant was visiting his aunt at University Medical Center in Lubbock, Texas, and waited in an area near the business office and the emergency room. At that time, two female co-workers, Lucero and Roach, were at their work station in the business office. A glass security partition with an opening near the base separated the business office from the waiting area. While Roach was standing with her back to the glass partition, appellant reached underneath the partition into the business office through the opening. When Lucero saw appellant reaching through the opening, she determined appellant was attempting to grab Roach. Lucero warned Roach of appellant's actions and admonished appellant to remove his hands. Appellant withdrew his hands from the window and went to the men's room. In the meantime, Lucero, the named victim in the complaint, and Roach reported the occurrence to the hospital's security officer, who was also an off-duty officer with the Lubbock Police Department. The officer subsequently approached appellant and instructed him to leave the premises. Appellant left the building accompanied by the officer, but when he reached the parking lot, he refused to leave the premises and was placed under arrest for criminal trespass.

By his first issue, appellant contends the evidence was legally and factually insufficient to prove his continued presence on the premises occurred without the effective

2

consent of the named complainant, Lucero.  He argues because Lucero never expressed a desire that he be removed from the premises and simply gave the police officer her name and address as a witness, the evidence is insufficient to sustain the conviction.  We disagree.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp. 2002); TEX. PEN. CODE ANN. § 2.01 (Vernon Supp. 2002).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

3

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the fact finder's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. The elements of the offense are that: 1) a person 2) without effective consent 3) enters or remains on the property or in a building of another 4) when he had notice that entry was forbidden or received notice to depart. TEX. PEN. CODE ANN. § 30.05(a) (Vernon Supp. 2002). According to the complaint, appellant remained on the property without the effective consent of Lucero, one of the hospital employees on duty in the business office.

4

Appellant argues the State did not meet its burden to prove lack of effective consent. We disagree.

Lucero testified that when she saw appellant reaching through the window that she told him to stop and alerted Roach, and then they both went to get the security officer. Lucero and Roach both testified about the event and the concern appellant's behavior created. Roach testified she conveyed her concerns to the officer. The officer testified at trial that the two women reported that appellant reached under the partition and attempted to touch Roach and that they identified appellant at that time by pointing him out. "Effective consent" includes consent by a person legally authorized to act for the owner. TEX. PEN. CODE ANN. § 1.07(a)(19) (Vernon Supp. 2002). "Consent" means assent in fact, whether express or apparent. TEX. PEN. CODE ANN. § 1.07(a)(11) (Vernon Supp. 2002). Because consent is defined as "assent in fact, whether express *or apparent,*" the absence of consent can be inferred from the attending circumstances. *Id.* (Emphasis added). Based upon the officer's testimony, both women approached him to report appellant's disturbance. Lucero's desire appellant be removed from the presence could therefore be inferred from the attending circumstances. Accordingly, considering the evidence in the light most favorable to the prosecution, we find the evidence of lack of effective consent legally sufficient to support appellant's criminal trespass conviction.

Having concluded the evidence of lack of effective consent is legally sufficient to support the verdict, we must now determine, after a neutral review of all the evidence,

whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 ( Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.–Amarillo 1997, pet. denied).

Appellant argues that when Lucero testified, she claimed she gave the officer her name and address, but never gave a statement to the officer about the disturbance appellant created. Appellant reasons that as the named complainant, because Lucero never specifically asked the officer to remove appellant from the premises, nor did she specifically so indicate under direct examination,[1] that the evidence is factually insufficient on the issue of effective consent. However, the officer testified Lucero approached him and reported appellant created a disturbance. Although this created a conflict between the complainant's and the arresting officer's testimony, it is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony. *Johnson*, 571 S.W.2d at 173. Although she never explicitly stated under oath a desire appellant be removed from the premises, the jury was free to conclude that was her desire from the nature of her other testimony, or otherwise explain the conflict. Moreover, because the State may prove its case by direct or circumstantial evidence so long as it shoulders its burden of proving all elements of the charged offense beyond a

[1]Under examination complainant was never asked whether she wanted appellant removed from the hospital.

6

reasonable doubt, an element of criminal trespass may be shown by circumstantial evidence. McDuff v. State, 939 S.W.2d 607, 623 (Tex.Cr.App.1997). Accordingly, on the issue of effective consent, we cannot say the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination. Issue one is overruled.

By his second issue, appellant contends the evidence was insufficient to sustain his conviction because he did not receive adequate notice to leave the premises. We disagree. The testimony at trial about the actual arrest was in conflict. Appellant, his mother, and cousin all testified appellant was on his way to his mother's vehicle, when the arresting officer, for reasons unknown to them, simply placed appellant under arrest. However, the arresting officer testified that he instructed appellant to leave and followed him to his car in the hospital parking lot, where appellant refused to leave the premises prompting his arrest.

Appellant concedes the officer told him "to leave and not come back until appellant had reason to come back." Nevertheless appellant contends, without citing any authority in support of this contention, that the notice given to him to leave the premises was somehow inadequate. We note the jury believed the State's version of events, but recognize that on the issue of notice, it is irrelevant which version they believed because the officer's uncontradicted testimony that he told appellant to "leave" is sufficient to support appellant's conviction. Moreover, both versions establish that the notice given was adequate. Because he was clearly instructed to leave, the officer's second instruction

7

regarding appellant's motive for return to the hospital was immaterial to the question of his departure from the premises. We conclude, under the appropriate standards of review, the evidence was both legally and factually sufficient to support a finding of notice to leave under Tex. Pen. Code Ann. § 30.05(b)(2)(A) (Vernon Supp. 2002). Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.