NO. 07-02-0500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 4, 2003

_____

CHRISTOPHER C. BRANTLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-438634; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Christopher C. Brantley was convicted by a jury of third degree felony escape, enhanced, and punishment was assessed by the trial court at seventeen years confinement. By three issues, appellant contends the evidence is (1) legally insufficient and (2) factually insufficient to support the jury's verdict, and (3)

his sentence is illegal and void because the State used a prior felony conviction to prove an essential element of third degree felony escape as an enhancement. Based upon the rationale expressed herein, we affirm the conviction, but reverse the punishment portion of the judgment and remand the cause to the trial court for a new punishment hearing.

Upon his plea of guilty to possession of a controlled substance, on July 11, 1994, appellant was sentenced to 10 years confinement, suspended for 10 years. Then, on October 14, 1996, appellant's community supervision was revoked and the original sentence was imposed. After being placed on parole, appellant's parole officer caused a blue warrant to be issued for his arrest on June 19, 2001. After Officer Sansing was informed of the warrant and appellant's possible location at an apartment complex in Lubbock, Sansing spotted appellant's vehicle which was occupied by two people. Unable to identify appellant in the car, Sansing set up surveillance and called two other officers to assist him in arresting appellant. As appellant was driving across a parking lot followed by Sansing, the responding officers pulled in front of appellant's car and forced him to stop, after which he was taken into custody.

By his first and second issues, appellant contends the evidence was legally and factually insufficient to support the jury's verdict that he intentionally and knowingly escaped from the officer's custody. We disagree and will consider the issues simultaneously. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support

the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact

3

finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. According to section 38.01(2) of the Texas Penal Code Annotated (Vernon 2003), escape is defined as the "unauthorized departure from custody." As material here, section 38.06(a) provides that a person commits the offense of escape if he escapes from custody when he is under arrest for, charged with, or convicted of an offense. Also, prior custody is an essential element of the offense of escape. Lawhorn v. State, 898 S.W.2d 886, 890 (Tex.Cr.App. 1995) (en banc). For these purposes, "custody" means "under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court of this state or another state of the United States." Tex. Pen. Code Ann. § 38.01(1)(A) (Vernon 2003).

Focusing on the custody element of the offense, appellant asserts the evidence is insufficient to establish that Sansing had full custody of him. We disagree. As material here, the court's charge provided in relevant part:

> The term "custody means" detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court of this state or another state [of] the United States.

4

\* \* \*

A "public servant" means an officer, employee, or agent of government. A City of Lubbock police officer is a public servant.

An arrest is complete when a person's liberty of movement is successfully restricted or restrained, whether this is achieved by an officer's physical force or the suspect's submission to the officer's authority. An arrest is complete if a reasonable person in the suspect's position would have understood the situation to constitute a restraint of freedom of movement of the degree which the law associates with formal arrest.

Appellant does not allege any charge error.

Officer Sansing testified that after he removed appellant from the car he was driving, he placed him on the ground and notwithstanding his resistance, he managed to place handcuffs on him. He testified that with the assistance of another officer, appellant was brought to his feet. At that time, appellant asked why he was under arrest and Sansing responded it was for a parole violation. The officers grabbed appellant's arms and as they were escorting him to the patrol car, he broke free and ran away. Viewing the evidence under *Jackson*, we conclude it was legally sufficient to support the jury's verdict.

Concluding the evidence is legally sufficient to support the verdict, we must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

5

In addition to Sansing's testimony discussed above, two other officers presented similar testimony. Moreover, evidence of appellant's escape was demonstrated by a video tape made by a camera installed in one of the patrol cars. The video first depicts a handcuffed female sitting on the ground near a patrol car and being watched by an officer. Then, it shows appellant, with his hands restrained by handcuffs and his arms secured by grips, being escorted by two officers. Then, with a sudden burst of speed and force, appellant broke free and a chase followed. Ultimately, appellant was recaptured and returned to custody. After reviewing all the record evidence under *Johnson*, 23 S.W.3d at 11, and without substituting our own judgment, we conclude the evidence is factually sufficient to support the verdict. Issues one and two are overruled.

By his third issue, appellant contends his sentence is illegal because the State used a prior felony conviction to prove an essential element of third degree felony escape and also as an enhancement. With commendable professional candor, the State concedes appellant's sentence is illegal because section 12.42(a) of the Texas Penal Code bars it from using a prior conviction to enhance an offense if it has already been used to prove an essential element of the charged offense. Appellant's third issue is sustained.

Accordingly, the judgment of conviction is affirmed; however, the punishment portion of the judgment is reversed and the cause is remanded to the trial court for a new punishment hearing to utilize the appropriate third degree range of punishment.

Don H. Reavis

6

Justice

Do not publish.