NO. 07-02-0391-CR
NO. 07-02-0392-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 10, 2003

_____


ALVIN ORTIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 45,111-C & 45,112-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to open pleas of guilty, appellant Alvin Ortiz was convicted of aggravated assault with a deadly weapon in cause number 45,111-C and assault on a family member in cause number 45,112-C. After hearing punishment evidence, the trial court assessed 14 years confinement and seven years confinement, respectively. In challenging his

conviction for aggravated assault with a deadly weapon, appellant presents three issues, to-wit: (1) whether the trial court abused its discretion in failing to *sua sponte* withdraw his guilty plea where he testified he did not remember committing the offense; (2) whether the trial court abused its discretion in failing to weigh the evidence appropriately where following his guilty plea and prior to adjudication, he testified he did not remember committing the offense; and (3) whether the trial court abused its discretion in failing to weigh the evidence appropriately where following his guilty plea and prior to adjudication, the alleged victim testified she did not remember a knife or being cut or injured by a knife. Regarding his conviction for assault on a family member, appellant raises two issues by which he questions (1) whether the trial court abused its discretion in failing to *sua sponte* withdraw his guilty plea where he testified he did not remember committing the offense; and (2) whether the trial court abused its discretion in failing to weigh the evidence appropriately where following his guilty plea and prior to adjudication, he testified he did not remember committing the offense. Based upon the rationale expressed herein, we affirm.

Late in the afternoon on February 28, 2002, appellant and complainant, his live-in girlfriend, went to a bar. After leaving the bar, they drove around Amarillo while appellant assaulted her. The assault continued in their residence until the early morning hours of March 1, spanning a period of approximately eight hours. Professing her love for appellant, complainant reluctantly testified he used his fists to injure her and also kicked her during the assault. Photographs introduced into evidence depicted black eyes, multiple

2

bruises throughout her body, and long cuts to the back of her left leg. A police officer testified that complainant turned a knife over to her on March 11 claiming it was connected to the March 1 incident. Complainant, however, testified she could not remember if a knife or other sharp object was used to inflict some of her injuries.

During the punishment phase and prior to being adjudicated guilty, appellant testified he did not remember assaulting complainant because he experienced a blackout. However, he also testified he was the only person with complainant on the night she was assaulted and confirmed he had plead guilty because he was guilty. Following the punishment evidence, the trial court adjudicated appellant guilty of both offenses and assessed punishment at 14 years confinement for aggravated assault with a deadly weapon and seven years confinement for assault on a family member.

By his first issues in each appeal, appellant contends the trial court erred in failing to *sua sponte* withdraw his pleas of guilty because he did not remember committing the offenses. We disagree. In Aldrich v. State, 104 S.W.3d 890 (Tex.Cr.App. 2003), the Court, quoting from Moon v. State, 572 S.W.2d 681, 682 (Tex.Cr.App. 1978), explained that once trial courts gained fact-finding authority, it was no longer necessary to *sua sponte* withdraw a defendant's guilty plea if evidence of his innocence was raised–as trier of the facts, the trial court could decide the evidence did not create a reasonable doubt as to guilt, find the defendant guilty of a lesser offense and assess the appropriate punishment, or find the defendant not guilty. *Aldrich*, 104 S.W.3d at 893. Under the holdings in *Aldrich* and

*Moon*, we conclude the trial court did not abuse its discretion in failing to *sua sponte* withdraw appellant's pleas of guilty.

Without challenging the sufficiency of the evidence, by his remaining issues, appellant contends the trial court abused its discretion in failing to appropriately weigh the evidence. We disagree. The trial court is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony presented by them. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978). Also, the trier of fact may draw reasonable inferences from the evidence. Jones v. State, 944 S.W.2d 642, 647-49 (Tex.Cr.App. 1996), *cert. denied*, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997).

On at least three occasions during her testimony, complainant claimed appellant "hurt" her and caused the injuries depicted in State's Exhibits eight through 14. The exhibits show complainant with two severe black eyes, multiple bruises on her arms, torso, and legs, and two long cuts to the back of her left leg. Although complainant testified she could not remember whether appellant used a knife to cut her, she did not exclude the possibility. She testified, "[c]ould have been a knife, nail, or couch. I don't know. I don't remember." There was also testimony that complainant turned the knife over to authorities in connection with the assault. Appellant testified he did not remember assaulting complainant because he experienced a blackout. However, it was within the province of the trial court to believe complainant's testimony and infer that the cuts on her leg were inflicted by the knife that was introduced into evidence. Based on the evidence presented,

4

we conclude the trial court did not abuse its discretion by weighing the evidence inappropriately. We overrule issues one, two, and three by which appellant challenges his conviction for aggravated assault with a deadly weapon and overrule issues one and two by which he challenges his conviction for assault on a family member.

Accordingly, the judgments of the trial court are affirmed.

Don H. Reavis
Justice

Do not publish.