NO. 07-09-0355-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

JANUARY 27, 2010

_____________________________

 

TONY PINONES, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

_______________________________

 

FROM THE 108TH
DISTRICT COURT OF POTTER COUNTY;

 

NO. 58,218-E;
HONORABLE DOUGLAS R. WOODBURN, JUDGE

_______________________________

 

 

Before
CAMPBELL and HANCOCK and PIRTLE, JJ.

ON MOTION TO DISMISS

            Appellant, Tony Pinones,
filed Notice of Appeal to appeal a judgment of conviction for the offense of
aggravated assault with a deadly weapon and sentence of five years incarceration in the Institutional Division of the
Texas Department of Criminal Justice entered against him in cause number
58,218-E in the 108th District Court of Potter County, Texas.  However, appellant has now filed a motion to
dismiss his appeal.

            Because the motion meets the
requirements of Texas Rule of Appellate Procedure 42.2(a) and this Court has
not delivered its decision prior to receiving it, the motion is hereby granted
and the appeal is dismissed.  Having
dismissed the appeal at appellant’s request, no motion for rehearing will be
entertained and our mandate will issue.

 

                                                                        Mackey
K. Hancock

                                                                                  Justice

 

 

 

Do
not publish.  

 






ufficient to support the conviction, we must now
determine whether it is factually sufficient. Johnson, 23 S.W.3d at 11. It is the exclusive
province of the fact finder to determine the credibility of the witnesses and the weight to be
given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978);
Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

 In determining the sufficiency of the evidence, and faced with a record that supports
conflicting inferences, we must presume-even if it does not affirmatively appear in the
record-that the trier of fact resolved any such conflict in favor of the prosecution and must
defer to that resolution. Couchman v. State, 3 S.W.3d 155, 163 (Tex.App.-Fort Worth
1999, pet. ref'd). Further, in circumstantial evidence cases it is not necessary that every
fact point directly and independently to the accused's guilt; it is enough if the conclusion is
warranted by the combined and cumulative force of all the incriminating circumstances. 
Johnson v. State, 871 S.W.2d 183, 186 (Tex.Cr.App. 1993), cert. denied, 511 U.S. 1046,
114 S.Ct. 1579, 128 L.Ed.2d 222 (1994); Armstrong v. State, 958 S.W.2d 278, 283
(Tex.App.-Amarillo 1997, pet. ref'd).

 There is evidence that appellant and his group set out that night to provoke the
Hispanics gathered in apartment number eight. Several witnesses testified they heard
threats made against Mexicans. Although the murder weapon was not recovered,
appellant admitted he pointed the gun at the victim and fled the scene after the shooting. 
Although conflicting evidence was presented on whether the victim possessed a knife,
there is no evidence to indicate he brandished a knife prior to being shot. Appellant's acts,
words, and conduct were sufficient for the jury to infer his intent to cause the victim's death
or recklessly cause bodily injury to him during the commission of an assault while exhibiting
a deadly weapon. (2) Having conducted a neutral review of all the evidence, we conclude the
jury was rationally justified in finding appellant guilty of murder beyond a reasonable doubt. 
Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.

 

 


 
1. Paragraph 11 of the charge instructed the jury on the elements of self-defense. 
See generally Tex. Pen. Code Ann. § 9.31 (Vernon 2003).
2. To avoid repetition, refer to our discussion of the evidence in our analysis of issue
one, wherein we concluded the jury rejected appellant's self-defense theory.