*1208·15*    *1209·15*

PDR NO.  PD-1209-15,  PD-1208-15

IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

**ORIGINAL**

JACOB PROVOST                         PETITIONER/APPELLANT
        V.
THE STATE OF TEXAS                    RESPONDANT/APPELLEE


On appeal from the Ninth District Court of Appeals, No. 09-14-00088-CR
PD-1209-15, No. 09-14-00087-CR PD-1208-15, and the 163rd District Court, Orange
County, Texas, Trial Cause No. B130434-R, B130431-R.

PETITION FOR DISCRETIONARY REVIEW

ORAL ARGUMENTS REQUESTED

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

DEC 21 2015

Abel Acosta, Clerk

**FILED IN**
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

JACOB PROVOST
TDCJ-CID# 01914271
Eastham Unit
2665 Prison Rd. 1
Lovelady, Texas
75851-5609

PDR NO. PD-1209-15, PD-1208-15


IN THE
COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS


JACOB PROVOST                          PETITIONER/APPELLANT

    V.

THE STATE OF TEXAS                     RESPONDANT/APPELLEE


ON APPEAL FROM THE NINTH DISTRICT COURT OF APPEALS, No. 09-14-00087-CR, No. 09-14-00088-CR and the 163rd District Court, Orange County, Texas, Trial Cause No. B130434-R, B130431-R.


PETITION FOR DISCRETIONARY REVIEW


TO THE HONORABLE COURT OF CRIMINAL APPEALS,

Jacob Provost, Petitioner, respectfully submits the Petition for Discretionary Review, seeking an Acquittal/Remand for full consideration of his appeal.

## PARTIES TO PETITION

The following is a list of all parties to the trial courts judgement and the names and addresses of all trial and appellate.

PETITIONER
MR. JACOB PROVOST

PETITIONER'S APPELLATE COUNSEL
Mrs. Christine Brown-Zeto
1107 Green Ave
Orange, Texas  77630

THE STATE OF TEXAS

PETITIONER'S TRIAL COUNSEL
Mr. Nolan LeBlanc

DISTRICT COURT
HON. DENNIS POWELL

STATES APPELLATE and TRIAL COUNSEL
Mrs. Krispen Walker
Orange County Court House
801 Division
Orange, Texas  77630

### NINTH DISTRICT COURT OF APPEALS

The Hon. Chief Justice Steve McKeithen
The Hon. Justice Charles Kreger
The Hon. Justice Hollis Horton
The Hon. LeAnne Johnson

i

# TABLE OF CONTENTS

PARTIES TO PETITION ........................................... i

TABLE OF CONTENTS ............................................. ii

INDEX OF AUTHORITIES .......................................... iii

STATEMENT REGARDING ORAL ARGUMENT ............................. 1

STATEMENT OF JURISDICTION ..................................... 1

STATEMENT OF CASE ............................................. 1

STATEMENT OF PROCEDURAL HISTORY ............................... 1

GROUNDS FOR REVIEW ............................................ 2

ARGUMENTS .................................................... 3

PRAYER FOR RELIEF ............................................. 4

CERTIFICATE OF SERVICE ........................................ 4

UNSWORN DECLARATION ........................................... 5

APPENDIX ..................................................... END

GROUNDS FOR REVIEW 1: DID THE COURT OF APPEALS ERR IN
HOLDING THAT THE EVIDENCE WAS SUFFICIENT TO FIND
APPELLANT GUILTY BEYOND REASONABLE DOUBT?..................... 2

# INDEX OF AUTHORITIES

UNITED STATES SUPREME COURT CASES:  Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed 2d 560 (1979) ............    3


TEXAS CASES:  Biggs v. State, 921 S.W. 2d 282, 285 (Tex.
App. - Houston [1st Dist.] 1995, Pet. ref'd). (Unfairly
surprised by the inadequate summary). Briggs, 921 S.W. 2d
at 286. Sec. C.R. p. 14-15 (Notice of intent to use
hearsay statement.) ...............................................    3
Brooks v. State, 323 S.W. 3d 893 (Tex. Crim. App. 2010) .......    3
Dorado v. State, 860 S.W. 2d 558, 560 (Tex. App. El
Paso 1993, Pet. ref'd) ...........................................    3

## STATUTES

Tex. Penal Code Ann. § 22.021 (a)(1) (b)(i) (West Supp. 2014)

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Provost respectfully requests oral argument. He presents an important issue which this Court I'm sure has dealt with in the past, dealing with the sufficiency of the evidence in this case.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under Texas Constitution, Article V, Section 5, and Rule of Appellate Procedures 66.3.

## STATEMENT OF THE CASE

Dating back to September 11, 2010 and August 28, 2010, the Petitioner was a suspect in an aggravated sexual assault in Orange County, City of Orange, Texas. The Petitioner was eventually charged with the offense of Aggravated Sexual Assault. Pursuant to a judgement and sentence of the 163rd Court of Orange County, Texas, Jacob Provost was sentenced to thirty (30) years in the Texas Department of Criminal Justice - Institutional Division, in case numbers B130434-R, B130431-R.

In his Brief to the Ninth District Court of Appeals-Beaumont, TX, Jacob Provost challenged each allegation.

## STATEMENT OF PROCEDURAL HISTORY

On February 19, 2014, Jacob Provost was sentenced to a thirty (30) year sentence in the Texas Department of Criminal Justice - Institutional Division, for the offense of Aggravated Sexual Assault. On August 12, 2015, the Ninth District Court of Appeals affirmed Jacob Provost's conviction and sentence. Jacob Provost v. STATE No. 09-14-00088-CR, No. 09-14-00087-CR. There was no motion for rehearing filed by the Petitioner as a result of the Ninth District Court of Appeals affirming his conviction.

(1)

## APPELLANT'S GROUNDS FOR REVIEW

GROUND 1: DID COURT OF APPEALS ERR IN HOLDING THAT THE EVIDENCE WAS SUFFICIENT TO FIND APPELLANT GUILTY BEYOND REASONABLE DOUBT.

## REASON FOR GRANTING THIS PETITION

This Court should grant this petition on the grounds that: 1) The Court of Appeals have decided an important question of State or the Court of Criminal Appeals or the Supreme Court of the United States. 2) The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the COURT OF CRIMINAL APPEALS Power Of Supervision. Tex. R. App. Ann. 66.3(c) & (f) (Vernon Pamph. 2015)

## ARGUMENT

GROUNDS 1 (RESTATED) DID THE COURT OF APPEALS ERR IN HOLDING THAT THE EVIDENCE WAS SUFFICIENT TO FIND APPELLANT GUILTY BEYOND REASONABLE DOUBT?

The Appellant contends that the evidence was legally and factually insufficient to support conviction for Aggravated Sexual Assault. The State has failed to prove every element of the charge under Tex. Penal Code Ann. § 22.021(a) (1) (b) (i) (West Supp. 2014). See C.R. Table of contents p.2, Indictment p.4. The Appellant also assent the verdict was irrational and unsupported by proof beyond reasonable doubt. That his Constitutional Due Process Right has been violated by the use of unsupported record evidence to determine guilt. Also that the Court of Appeals have misapplied the standard of Legal Sufficient Evidence. Which lacked credibility and weight. As in the Supreme Court Law Jackson v. Virginia, 443 U.S. 307; 99 S.C.T. 2781; 61 L.Ed. 2d 560. (1979). See also C.R. Judgement and sentence p.26. See also Brooks v. State 323 S.W. 3d 893 (Tex. Crim. App. 2010).

The Appellant further contends he was harmed by the lack of written summary of the statement and his case code should be reversed. Dorado v. State, 860 S.W. 2d 558, 560 (Tex. App. El Paso 1993, Pet. ref'd). A purported summary thatprovides little more detail than the language of an indictment does not include the detail recitation made by the victim to the outcry witness is not insufficient under the statute. Biggs v. State, 921 S.W. 2d 282, 285 (Tex. App. - Houston) [1st Dist.] 1995, Pet. ref'd. (unfairly surprised by the inadquate summary). Biggs, 921 S.W.2d at 286. See C.R. p. 14-15 (Notice of intent to use hearsay statement).

# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Jacob Provost respectfully asks the Court to grant this Petition and in regard to Ground #1, the proper remedy is to remand for a new trial. Therefore, the Appellant respectfully asks the Court to remand, the proper remedy is to acquit the Appellant of charges. Therefore, Appellant respectfully asks the Court to acquit him. The Appellant also asks the Honorable Texas Court of Criminal Appeals to make a finding of facts and evidence of law concerning Ground #1, consider grounds for review, and to order a full and complete hearing on the merits and with brief.

*Jacob Provost*
Jacob Provost
TDCJ-CID #01914271
Eastham Unit
2665 Prison Rd. 1
Lovelady, Texas
75851-5609

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **18** day of **December**, 20 **15** , the following has been completed:

1) THE ORIGINAL COPY of the above and forgoing Petition and supporting brief has been mailed by U.S. Mail, post paid, to the COURT OF CRIMINAL APPEALS OF TEXAS, P.O. Box 12308 Capitol Station, Austin, Texas ,78711, for filing and handling in that Court pursuant to Tex. R. App. P. 9.2 of the Texas Rule of Appellate Procedures.

2) A legible copy of said Petition has been mailed by U.S. Mail, post paid, to the SERVICE ON STATE PROSECUTING ATTORNEY, P.O. Box 12405, Austin, Texas, 78711.

3) A legible copy of said Petition has been mailed by U.S. Mail, post paid, to Krispen Walker, Orange County Court House, 801 Division, Orange, Texas, 77630.

*Jacob Provost*
Jacob Provost

(4)

## UNSWORN DECLARATION

I, Jacob Provost, TDCJ-CID #01914271, being presently incarcerated in the Texas Department of Criminal Justice, Eastham Unit in Houston County, Texas, declares under penalty of purjury that the foregoing is true and correct.

Executed on this date: _12-18-15_

Signature: _Jacob Provost_

Civil Practice and Remedies Code, Title 6, Ch. 132, VTCA:

# APPENDIX

END

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

---

NO. 09-14-00087-CR
NO. 09-14-00088-CR

---

JACOB PROVOST, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause Nos. B130431-R, B130434-R

---

## MEMORANDUM OPINION

Jacob Provost[1] appeals his two convictions for aggravated sexual assault. In Provost's sole issue on appeal, he argues the evidence is legally insufficient to support the finding of guilt for each conviction. We affirm.

---

[1] There is evidence in the record that Jacob Provost is also known as Jacob Provost Peeples.

1

## Sufficiency of the Evidence

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)) (determining that the *Jackson* standard "is the only standard that a reviewing court should apply" when examining the sufficiency of evidence); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). In a legal-sufficiency review, we are "required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Brooks*, 323 S.W.3d at 899; *see also Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). When faced with conflicting evidence, we presume the finder of fact resolved any conflicts in the testimony in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). If any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm the judgment. *See McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). In a bench trial, the trial court "is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the

testimony given by State or defense witnesses." *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. [Panel Op.]1978).

In each case, the State charged Provost with aggravated sexual assault. The State alleged that on or about August 28, 2010 and September 11, 2010, Provost "intentionally and knowingly cause[d] the penetration of the sexual organ of [A.B.], a child who was then and there younger than 14 years of age and not the spouse of [Provost], by his penis[.]" A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means[.] Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2014).[2]

The record reflects that A.B. is Provost's daughter.[3] A.B. testified that after her parents divorced, she visited Provost regularly and, at times, spent the night. A.B. enjoyed a good relationship with Provost and was a typical "daddy's little girl." A.B. recalled that her relationship changed with Provost when she was

---

[2] Although the statute has been amended since the offenses in question were committed, the changes are not material to the issues on appeal; accordingly, we cite the current version of the statute for convenience.

[3] To protect the privacy of the child relevant to Provost's case, we identify her by using initials that disguise her identity. *See* Tex. Const. art. 1, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

3

thirteen years old. According to A.B., three incidents occurred in August or September of 2010 that changed the nature of her relationship with Provost.

The first incident occurred one night while A.B. was spending the night with Provost. A.B. testified that she was asleep on the couch when she felt someone close to her face. When A.B. opened her eyes, Provost gave her a "hard kiss" on the lips. The next day Provost acted as if nothing had happened. A.B. recalled that she was in shock from the event and did not know what to do, but because she loved her father, she did not say anything to anyone. Although it was uncomfortable for her, she continued to go over to Provost's home.

A.B. testified that the second incident also occurred when she had gone over to Provost's home for an overnight visit. A.B. explained that she was halfway asleep on the couch when Provost asked her to come upstairs with him. She recalled that she entered Provost's bedroom to see what he wanted. According to A.B., when she entered the room, Provost forced himself on her. A.B. described in detail how Provost sexually assaulted her. She testified that Provost "pulled [her] shorts to the side" and "forced his penis inside of [her]." A.B. testified that Provost told her not to tell anyone what had happened. A.B. testified that she continued to go back to Provost's home because she wanted to be there for the young child that resided in the home, whom she considered to be like her sister.

4

The third incident also occurred in Provost's home. A.B. testified that she had finished using the bathroom upstairs and had started to go downstairs when Provost dragged her into his room and sexually assaulted her. A.B. testified in detail regarding the circumstances of the second sexual assault. She testified that Provost removed her shorts and "forc[ed] his penis into [her]." According to A.B., Provost warned her not to tell anyone what he had done or Provost would hurt her. A.B. recalled that Provost seemed less interested in her after she had a breast reduction at age fourteen, against Provost's wishes.

A.B. testified that Provost's girlfriend and the girlfriend's two- to three-year-old daughter resided in the home with him. However, A.B. explained that the girlfriend was not home when Provost kissed her or when he sexually assaulted her, and the young child was asleep in her bedroom during the incidents.

A.B. testified that after the sexual assaults occurred, she ran away from her mother's home at least twice and that Provost found her in Silsbee on one of these occasions and picked her up. When Provost retrieved A.B., he was not alone, and A.B. went willingly with him. A.B. also recalled that before Provost sexually assaulted her, she had a "really good" G.P.A. but that her G.P.A. suffered after the assaults.

A.B.'s mother testified that she met Provost when she was approximately thirteen years old. Provost is five years older than A.B.'s mother. A.B.'s mother started dating Provost, became pregnant, and had A.B. when she was fourteen years old. A.B.'s mother corroborated A.B.'s testimony that A.B. and Provost had enjoyed a good relationship for a number of years. A.B.'s mother recalled a major change started to develop in A.B.'s personality before she turned fourteen years old. She testified that A.B. started sneaking out, stealing cars, and was unable to pass her classes in school. According to A.B.'s mother, this behavior reflected a complete change in her daughter. She testified that A.B. started seeing a therapist and taking medication, but continued to withdraw.

A.B.'s stepfather corroborated her mother's testimony regarding A.B.'s change in demeanor. A.B.'s stepfather had a good relationship with A.B. and was concerned for her. A.B.'s stepfather started a conversation with A.B. in January 2013, which ultimately concluded in A.B's outcry of sexual abuse. A.B.'s stepfather testified regarding what A.B. had told him had happened, and A.B.'s outcry to her stepfather was consistent with her testimony at trial.

Provost's stepmother testified that she saw A.B. and Provost interact with one another positively at a July 4th gathering sometime in 2011 or 2012. She testified that although Provost is not a good provider for his family, he is a good

father. Provost's stepmother admitted that she does not see A.B. very often. Provost's aunt also testified. She testified that she has never seen Provost act inappropriately around her children. She testified that she understood A.B. remained in contact with Provost, even throughout 2013.

Provost denied sexually abusing A.B. Provost testified that he does not know why A.B. would make these false allegations against him, but speculated that A.B. felt that he neglected her. He contends that his girlfriend was present during the times A.B. alleges Provost sexually assaulted her. We note that the record reflects that the girlfriend Provost references in his testimony appeared to testify at Provost's trial, but ultimately decided she did not want to testify on his behalf. Provost's counsel stated on the record that Provost felt like it would not be in his best interest to subpoena the girlfriend to testify.

On appeal, Provost contends that the evidence is insufficient because A.B.'s testimony is suspect due to her being "a very troubled child[.]" For example, he argues that her testimony should be viewed with suspicion because she ran away from her mother's house and gave her mother grief. He also contends that A.B. willingly goes with him when he comes to get her, which proves that she is not afraid of him. The credibility of A.B.'s testimony, however, was a factor for the

trial court to consider in weighing the evidence, and we defer to the trial court's resolution of those issues.

In sexual abuse cases involving a child, the testimony of the child victim alone is sufficient to support a conviction. *See Garcia v. State,* 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978); *Lee v. State,* 186 S.W.3d 649, 655 (Tex. App.–Dallas 2006, pet. ref'd); *West v. State,* 121 S.W.3d 95, 111 (Tex. App.–Fort Worth 2003, pet. ref'd). Additionally, the judge, as the sole judge of the credibility of the witnesses, is free to accept or reject some, all, or none of the evidence presented by either side at trial. *See Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). We conclude a rational trial court could have found the essential elements of the offense beyond a reasonable doubt. *See Brooks,* 323 S.W.3d at 912.

Having overruled Provost's only issue on appeal, we affirm the judgments of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 10, 2015
Opinion Delivered August 12, 2015
Do not publish
Before Kreger, Horton, and Johnson, JJ.

JACOB PROVOST
TDCJ-ID# 1914271
2665 Prison Rd #1
Lovelady, Texas 75851

COURT OF CRIMINAL APPEALS
P.O. BOX 12308 CAPITAL STATION
AUSTIN, TEXAS